[No. 3821.   Decided January 10, 1902.]

QUAKER CITY NATIONAL BANK OF PHILADELPHIA, *Appellant*, v. CITY OF TACOMA *et al., Respondents*.

MUNICIPAL CORPORATIONS — SPECIAL FUND WARRANTS — ORDER OF PAYMENT — MISAPPROPRIATION OF FUND — LIABILITY.

The payment by the city of warrants drawn on a special fund, which had been issued subsequent in time to other warrants on the same fund, is such a misappropriation of the moneys belonging to such special fund as to render the city liable, where prior warrants are left unpaid by reason of the exhaustion of such special fund.

SAME — MANDAMUS.

Where the moneys belonging to a special fund have been misappropriated by the city, mandamus will not lie to compel the city to pay warrants on such special fund out of the city's general fund, but the remedy of the party injured by such misappropriation would be by an action sounding in tort for the injury suffered, judgment for which would be satisfied by the issuance of a general fund warrant to be paid in the order of its issuance out of moneys coming into the general fund.

SAME — LIMITATION OF ACTIONS.

Under Bal. Code, § 4800, subd. 2, which provides that an action for an injury to the person or rights of another must be commenced within three years after the cause of action accrues, a complaint which alleges the misappropriation by a city of the moneys of a special fund at a date more than three years prior to the commencement of the action is demurrable on the ground that it had not been instituted within the time limited by law.

SAME — DEFICIENCY IN SPECIAL FUND — POWER OF CITY TO REMEDY.

Where a city has power to pay the cost of a special street improvement, in whole or in part, out of its general fund, and also power to bind itself to pay any deficiency remaining after the exhaustion of the special fund, its promise to do so after a deficiency is found to exist is valid under the rule governing the ratification of contracts, whereby the power to make the contract forms the basis of liability and the performance of the act furnishes the consideration.

SAME — LIMITATIONS.

Although an action by a warrant-holder against a city ɪor mis-
appropriation of moneys of a special fund may have been barred
by the statute of limitations, yet such bar would not operate to
defeat recovery on his warrant out of the special fund on which
it was drawn, nor out of a fund substituted therefor.

Appeal from Superior Court, Pierce County.—Hon.
JAMES A. WILLIAMSON, Judge. Reversed.

*E. R. York,* for appellant.

*William P. Reynolds* and *Emmett N. Parker,* for re-
spondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellant is the holder of a war-
rant issued by the city of Tacoma, dated October 10,
1892, and payable out of a special street improvement
fund. In this proceeding the appellant seeks a writ of
mandate against the city and its treasurer to enforce the
payment of the warrant. The application was made to the
superior court of Pierce county on November 7, 1900.
In its affidavit filed in support of the application, the
appellant alleged, in effect, that the fund upon which its
warrant was drawn was insufficient in amount to meet all
of the warrants drawn against it; that the city collected
the entire fund, and misappropriated a part of it by pay-
ing warrants drawn against it which were subsequent in
time and in the order of their issuance to the appellant's
warrant, thereby exhausting the fund, leaving the ap-
pellant's warrant unpaid in part. The date of the mis-
appropriation is alleged to be June 30, 1893. It is
further alleged that the city of Tacoma, by ordinance,
duly approved on September 21, 1900, created a fund
designated as the "Street and Sewer Improvement De-

ficiency Fund," which ordinance contained, among others, the following provisions:

"Sec. 2. That out of said fund shall be paid any and all legal warrants heretofore issued by the city of Tacoma for the improvement of any street or alley, and for the construction of any sewer, which said warrants are now outstanding and unpaid, and for the payment of which no provision has heretofore been made; and all legal warrants heretofore issued by the city of Tacoma for the improvement of any street or alley, and for the construction of any sewer, which said warrants are in excess of the assessment rolls against which they were drawn, and which said assessment rolls have been collected in full, and for the payment of which said warrants no provision has heretofore been made.

"Sec. 3. That after the deficiency now existing in the interest fund to the amount of $3,562.94 shall have been paid into said fund, the balance of all moneys which may hereafter be received from George W. Boggs and his sureties, and from J. W. McCauley and his sureties, and from the banks and their sureties in which said Boggs and McCauley as city treasurers have heretofore deposited moneys belonging to the city of Tacoma, shall be paid by the city treasurer upon its receipt into said street and sewer improvement deficiency fund, and said money, or so much thereof as may be needed, shall be used for the payment of warrants designated in section 2 of this ordinance."

It is then alleged that the city has on hand, in the fund created by the ordinance, sufficient money to pay the balance due upon the appellant's warrant, which is applicable to its payment, and that it has in its general fund also moneys sufficient to pay the warrant. To the application the respondents demurred on the grounds that sufficient facts were not stated to entitle the applicant to any relief, and that the proceeding had not been instituted within the time limited by law. The demurrer was sustained by the trial court, whereupon the appellant refused to plead

further, and judgment of dismissal and for costs followed.

It is the settled doctrine of this court that misappropriation of moneys belonging to a special fund of a city by the city will render it generally liable to the holders of warrants drawn upon the special fund to the amount of the moneys so misappropriated, and that the payments of warrants drawn upon a special fund, issued subsequent in time to other warrants drawn upon the same fund, is ·such a misappropriation, if the effect of such payments is to exhaust the fund and leave prior ·warrants unpaid. *Potter v. New Whatcom,* 20 Wash. 589 (56 Pac. 394, 72 Am. St. Rep. 135); *North Western Lumber Co. v. Aberdeen,* 22 Wash. 404 (60 Pac. 1115); *Potter v. New Whatcom,* 25 Wash. 207 (65 Pac. 197); *Tacoma Bituminous Paving Co. v. Sternberg,* 26 Wash. 84 (66 Pac. 121). But it is plain that a city, by misappropriating moneys belonging to a special fund, does not render itself liable to pay the warrants drawn upon that fund, as if they were warrants drawn upon its general fund. In other words, the act of misappropriation does not make such special fund warrants general fund warrants of the city. The city's liability arises from its wrongful act, and is measured by the amount of the fund misappropriated. The remedy of an injured party for a wrong of this kind would ordinarily be by an action sounding in damages for the injury suffered, judgment for which, when recovered, would be satisfied by the issuance to the judgment creditor of a general fund warrant in the amount of the judgment, to be paid by the city's treasurer, in the order of its issuance, out of moneys coming into its general fund. Unless, therefore, some special fact is alleged, in addition to the fact of misappropriation, showing a liability to pay out of its general fund,— such, for example, as the appropriation of the money from

the special to the general fund,—mandamus will not lie to compel the city or its treasurer to pay this class of warrants out of the city's general fund. In so far; then, as the application is treated as seeking a remedy against the general fund of the respondent city, the judgment of the trial court can rest upon the first ground stated in the demurrer. But if we were to treat the application as an ordinary action at law for damages, it is equally clear that the judgment must be sustained on the second ground stated. The wrong which gave rise to a cause of action against the city is alleged to have been committed in June, 1893. This action, as we have said, was commenced on November 7, 1900. Under the statutes of this state, an action for an injury to the person or rights of another, except in certain specially enumerated cases of which this is not one, must be commenced within three years after the cause of action accrues. Ballinger's Code, § 4800, subd. 2. More than three years having elapsed between the time the cause of action arose and the time it was instituted, it was barred by this section of the statute.

The remaining question is, are the facts alleged sufficient to entitle the appellant to recover out of the special fund created by the ordinance of September 21, 1900? It is not to be doubted that the city had power in the first instance, provided, of course, it did not exceed its constitutional limitation of indebtedness, to provide for the payment of the cost of improvement which gave rise to the issuance of the appellant's warrant out of its general fund, either in whole or in part. It could also have legally bound itself to pay any deficiency in the cost of the improvement remaining unpaid after the special fund created should be exhausted. This much is apparently conceded by the learned counsel for the city. If the city could do this prior to the making of the improvement, on what

principle is its promise to pay the deficiency, after one is found to exist, invalid? The answers suggested are (1) that the city was under no legal obligation to pay the warrant, and its promise to do so is a mere gratuity; and (2) that the right of recovery on the warrant is barred by the statute of limitations. While it is true there was no legal obligation to pay the warrant on the part of the city which the law would enforce at the time the subsequent promise was made, yet it cannot be said there was no consideration for the subsequent promise, or that it was a mere gratuity. It is a general principle that whoever is capable of entering into a contract to compensate another for a service performed or an advancement made may, by a promise made subsequent to the performance of the service, or the making of the advancement, bind himself to make such compensation. The power to make the contract is at the basis of the liability, and the performance of the act furnishes the consideration. This principle is applicable to municipalities, and unless some special reason, existing apart from its general power, prohibits the making of the promise, such a promise is binding upon the municipality, when accepted by the person coming within its terms. It is, of course, bound only to the extent and according to the terms of the promise as made; that is to say, it is bound to perform only in the manner it promises to perform. It assumes no general liability. In the case before us the ordinance is a promise to pay out of a particular fund a certain class of warrants arising in a particular manner. The promise is general in this respect, and applies to all warrants coming within its terms. The allegations contained in its affidavit clearly brings the appellant within its terms, and states a cause of action entitling him to recover out of this special fund. Whether the city could create this fund out

of the money arising from the source out of which this money arises, or whether it had power at that time to create a new obligation, are questions depending upon special circumstances not shown. by the record before us, and questions which we here expressly refrain from deciding. If any such exist, they can be presented in the respondents' answer to the application for the writ.

The warrant is not barred from payment out of this fund by the statute of limitation. It is a valid, existing warrant against the fund upon which it was drawn, and belongs to the very class the city intended should be paid out of the fund created by the ordinance.

The judgment is reversed and the cause remanded, with permission to the respondents to answer to the merits of the application.

REAVIS, C. J., and WHITE, DUNBAR, MOUNT and ANDERS, JJ., concur.