[No. 4220.   Decided January 10, 1903.]

NEW YORK SECURITY & TRUST COMPANY, *Respondent,* v.
CITY OF TACOMA, *Appellant.*

MUNICIPAL CORPORATIONS — TRUSTS — DIVERSION OF SPECIAL STREET
FUND — LIMITATIONS.

Section 158 of the charter of the city of Tacoma, which pro-
vides that "all moneys received or collected by the treasurer upon
assessments for improvements of streets, highways or alleys shall
be kept as a separate fund and in no wise used for any other
purpose whatever, except for redemption of warrants drawn
against such fund," creates a trust relation between the city and a
warrant holder, and where the city pays moneys out of such fund
to a subsequent warrant holder, contrary to the statutory require-
ment that warrants should be paid in the order of issuance, the
statute of limitations will not begin to run against action by the
prior warrant holder to recover the amount due him from the
city, until his discovery of the action of the city.   (FULLERTON,
J., dissents.)

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM O. CHAPMAN, Judge.   Affirmed.

*William P. Reynolds* and *Emmett N. Parker,* for ap-
pellant.

*Stiles & Nash,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—In 1892 the defendant city of Tacoma
entered into an agreement with certain contractors to grade
and construct sidewalks on one of its streets, and agreed to
pay for such street improvement by issuing and delivering
to the contractors warrants drawn on the special improve-
ment fund to be raised by local assessment on the property
benefited by the improvement.   The contractors per-
formed the required conditions of the contract on their
part, and from time to time, as the work was completed

and accepted by defendant, the warrants drawn on the improvement fund were delivered to the contractors in payment.    Among the warrants so drawn and delivered was the one on which this suit is based, in the following form:

"$2,100.                                         No. 120.

Tacoma, Wash., July 16th, 1892.

By order of the City Council of the City of Tacoma, the treasurer of said city will pay E. C. Burlingame Cont. Co., or order, from the street fund the sum of twenty-one hundred & no 100 dollars for Boulevard, Porter st. to east line Hope Park Addition."

This warrant was presented to the city treasurer on August 2, 1892, and indorsed, "Not paid for want of funds."    The warrant was thereafter transferred to the plaintiff.    Partial payments were made by defendant and indorsed on the warrant as follows:    "Aug. 19, 1896, the sum of $269.80; on May 20, 1897, the sum of $56.35, and on Aug. 27, 1901, the sum of sixty-four cents."    While such warrant was so held by plaintiff, and due and payable out of said special fund, and while sufficient money had been collected to pay the full amount thereof, the money so collected in such fund was paid out by the treasurer upon other warrants issued upon the same fund subsequently to plaintiff's warrant.    No notice or call for the payment of the warrants was at any time given, and plaintiff had no knowledge of the application of the money to the subsequently issued warrants until a short time prior to the commencement of this action.    The action is brought to recover the amount due on plaintiff's warrant.

The defendant demurred generally to the complaint, and, such demurrer being overruled, answered, pleading the statute of limitations against the demand made by plaintiff.    The plea of limitations raises the only issue before us for consideration.    It is conceded by the parties

that, if the statute is applicable to the facts found, the action was not commenced within time. The contention of the defendant city, briefly stated, is that the special improvement contracted for constituted no debt or charge against the city; that, if the city is liable for the payment of the amount of the warrant, it is as for damages for misappropriation or diversion of a special fund belonging to the plaintiff, and, as such action for damages is within the bar of the statute of limitations, that plaintiff's right of .action accrued when the money was wrongfully diverted from the payment of the warrant; and that the statute runs from that date. It may be conceded that the warrant created no debt against the city, and that any recovery permissible is for the wrongful diversion of the special fund applicable to the payment of the warrant. In considering the controversy, the relations of the city with the plaintiff must, we think, be controlling. The duty of the proper disbursement of its special improvement fund was imposed on the city. The general law requires the payment of these warrants in the order of their issuance. The charter of the city of Tacoma (1890), § 158, reads:

"All moneys received or collected by the treasurer upon assessments for improvements of streets, highways or alleys, shall be kept as a separate fund and in no wise used for any other purpose whatever except for redemption of warrants drawn against such fund."

It seems, under these provisions, that, so long as the relations constituted by them existed between the holder of the warrant and the city, the latter's duty was that of custodian of a trust fund; and, unless there was notice to plaintiff or knowledge by him of these changed relations, the bar of the statute ought not to attach. It appears the question presented here has been virtually determined heretofore, in *Potter v. New Whatcom,* 20 Wash. 589 (56

Pac. 394, 72 Am. St. Rep. 135). The statute of limitations was held not to run until notice or knowledge came to plaintiff. The city there was described as sustaining a trust relation. In *Bidwell v. Tacoma,* 26 Wash. 518 (67 Pac. 259), there was misappropriation by the city of the money from a redemption fund applicable to the payment of delinquent tax certificates, and it was adjudged that the statute of limitations did not commence to run until demand for its payment had been made, or knowledge on the part of the plaintiff of refusal of the city to pay the amount, acquired.

It is urged by counsel for the city that the decision in *Quaker City National Bank v. Tacoma,* 27 Wash. 259 (67 Pac. 710), is in conflict with the two cases just mentioned. This case was mandamus to enforce payment of a warrant from a special assessment fund. It appears there the city had, some time after the creation of the special assessment fund, created a deficiency fund to supplement the deficiency in the special assessment fund. It was decided that the warrant drawn on the special assessment fund was payable out of the supplemental deficiency fund, for the reason that it was within the power of the city to create such deficiency fund, and direct the payment of the warrant out of the last fund. It was observed, however, in the course of the discussion, that, if the action were treated as an ordinary action for damages, it was barred by the statute of limitations.

We conclude in the case at bar, in accordance with the expressions heretofore made, that the relations between the parties under the general law and the charter created the trust described, and that, until plaintiff had knowledge or notice of the refusal of the defendant to carry out said ob-

ligation so imposed, the statute of limitations did not commence to run.

Affirmed.

DUNBAR, MOUNT and ANDERS, JJ., concur.

FULLERTON, J., dissents.