[No. 4785. Decided September 21, 1904.]

NORTHWESTERN LUMBER COMPANY, *Appellant,* v. CITY

OF ABERDEEN, *Respondent.*[1]

LIMITATION OF ACTIONS — DIVERSION OF SPECIAL FUND FOR
LOCAL IMPROVEMENTS—ACCRUAL OF RIGHT OF ACTION. The right of
action against a city for the wrongful diversion of a special fund
provided for the payment of warrants, does not accrue until the
holder of the warrant has notice of the diversion.

MUNICIPAL CORPORATIONS—SPECIAL FUND FOR LOCAL IMPROVE-
MENTS—WRONGFUL DIVERSION BY CITY—COMPLAINT—SUFFICIENCY.
The complaint in an action brought by the holder of warrants
drawn upon a special fund for local improvements, for the wrong-
ful diversion by the city of the special fund by the payment out
of their order of subsequent warrants, thereby exhausting the
fund, fails to state facts sufficient to constitute a cause of action,
when it fails to allege that the money diverted was sufficient to
pay all of the warrants drawn on the special fund which were
prior to the plaintiff's warrants, or that plaintiff was prejudiced
by being rightfully entitled to said money, or a portion thereof.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 23, 1903, upon sus-
taining a demurrer to the complaint in an action to re-
cover on city warrants.    Affirmed.

*Green & Griffiths (Sidney Moor Heath,* of counsel),
for appellant.

*E. H. Fox,* for respondent.

PER CURIAM.—This is an action brought in the superior
court of Chehalis county by Northwestern Lumber Com-
pany against the city of Aberdeen to recover on certain
street improvement warrants described in the complaint.
The defendant city demurred to such complaint on two
statutory grounds:    "(1) That said amended complaint
does not state facts sufficient to constitute a cause of ac-

[1]Reported in 77 Pac. 1063.

tion.   (2) That the action has not been commenced within the time limited by law." This demurrer was sustained by order of the lower court. The plaintiff refused to further plead, electing to stand on its said complaint, and the action was thereupon dismissed. Plaintiff appeals.

The transcript shows that the complaint was filed in the clerk's office of the court below on February 24, 1903. Appellant alleges therein a contract to improve certain streets in the city of Aberdeen in the year 1891, respondent's agreement to collect without neglect or delay each of the warrants drawn on a special fund, in the order and number of its isssuance, the performance of the work, and the issuance of appellant's and other warrants upon such special fund, some of them in April, some in May, and others in July, 1891; that such warrants were presented for payment about these several dates, and endorsed by the treasurer of the city of Aberdeen, "not paid for want of funds;" that thereafter the respondent city collected large sums of money for the benefit of these special funds. It is further alleged, that respondent wrongfully paid, contrary to the city ordinance and the law in that regard, numerous other warrants subsequently issued and numbered on the same funds, instead of using such money to pay appellant's warrants then due; that, ever since such payments, there has been and is no money or fund except the city general fund with which to pay any of appellant's warrants; that all sources of payment from the property of the several assessment districts in said city have been exhausted, and the land situated therein is released from any and all liability on account of such special assessments. Other allegations are thus stated in appellant's brief:

"In the complaint three causes of action are set forth, each relating to a different fund, and the number, amount,

and date of wrongful payment of the subsequent warrants are respectively mentioned, and the prayer is for judgment upon each cause of action for a sum not exceeding the amount diverted by defendant for the payment of such subsequent warrants. . . . More particularly the irregular payments are as follows: In the first cause of action plaintiff's warrant dated April 16, 1891, is No. 524, for $75 and interest. Defendant paid Nos. 527, 528, on November 7, 1891, and No. 526, September 28, 1891, each for $75, and No. 529, September 10, 1892, and No. 530, June 1, 1892. In the second cause of action plaintiff's warrant dated May 14, 1891, is No. 569, for $479 and interest. Defendant paid warrant No. 571, November 18, 1891, for $116, but No. 570 was paid March 21, 1895, for $15. In the third cause of action plaintiff's fourteen warrants, ranging from $30 to $108 in amounts were dated July 9th, 1891, and are numbered 729, 730, 732, 734, 735, 741, 742, 743, 747, 754, 755, 764, 767 and 772. Defendant paid warrant No. 731, July 31st, and Nos. 733, 736, 737 and 738 in December, 1891. But 739 was paid in November, 740 and 744 in September, 748 was paid November 7th, but 750, November 3rd, and 751 and 752, September 30th, while 753 was paid August 31st, and 756, 757, 758, 759 and 760 were paid July 31st; 761 was paid November 3rd; 762 and 763, November 7th, while warrant 765 was paid September 30th, 766, July 31, 770, November 7th, and 773, September 25th—all in 1891, and in amounts ranging from $25 to $160 per warrant."

It is further alleged:

"That thereafter defendant collected a large amount of money from the owners of the land in said assessment district abutting upon said B street improved as aforesaid, to wit, more than the sum of three hundred and seventy-eight dollars, and while said funds collected as aforesaid were in the city treasury and said warrant No. 524 held and owned as aforesaid by plaintiff was due and payable in the order of its issuance, said defendant instead of paying plaintiff's said warrant in the order of its issuance as

required by the ordinances of said city and the laws of the state of Washington, wrongfully and without authority paid out of said moneys other warrants issued against the same fund and numbered subsequently."

Then follows a description of warrants subsequently paid as above noted, described in the first cause of action. The second and third causes of action respectively contain, in substance, similar allegations, except as to the dates, the amounts collected and paid, the description of the warrants, and the special funds on which they were drawn. The appellant alleged that it had no knowledge nor information of the collection and payment of this money out of its regular order, until November 25, 1902.

Considering the above grounds of demurrer, in the inverse of the order above, we are of the opinion that this action was not barred at the time of its commencement by virtue of the three year statute of limitations, under the ruling of this court as announced in the case of *New York Security & Trust Co. v. Tacoma,* 30 Wash. 661, 71 Pac. 194. This court held in that case that the cause of action did not accrue until the holder of the warrant drawn against, and payable out of, a special fund, designated by the appellant city, had notice or knowledge of the wrongful diversion of such fund to its prejudice.

The proposition whether there are alleged in the complaint sufficient facts to constitute a cause of action presents the vital question in the case. This proposition is scarcely alluded to in the arguments of respective counsel in their briefs. Their arguments are chiefly directed towards the one question regarding the bar of the statute of limitations above mentioned. The complaint alleges a wrongful diversion of the special street improvement funds of respondent, and the payment, without authority, of moneys belonging to said funds, on warrants which were

issued against the same and subsequently numbered.    But
it fails to allege that there was sufficient money, belonging
to any of these special funds, diverted therefrom, to have
paid and satisfied the other warrants against the same
funds, issued in their regular order and prior in dates and
numbers to these warrants held by appellant; or that ap-
pellant, at the times of the alleged diversion of such funds,
was rightfully entitled to have such money, or any part
thereof, applied towards the payment and liquidation of
its warrants described in the complaint.    In other words,
the appellant was required to allege sufficient facts to show
that it was prejudiced by the payment of those subsequent
warrants out of their regular order, and that it had the
lawful right to insist that this money, or some portion
thereof, should have been applied towards the payment of
the warrants in question.    For aught that appears from
the complaint, this money was insufficient in amount to
have paid such prior outstanding paper, and the accrued
interest thereon.    If such were the case, appellant has no
just or legal cause of complaint in the present controversy.
The allegation that the city, wrongfully and without au-
thority, paid out said moneys on warrants subsequently
issued and numbered against the same fund, is a mere con-
clusion of the pleader; it does not alter the logical deduc-
tions naturally flowing from other specific and controlling
allegations appearing in the complaint.    Phillips, Code
Pleading, § 346.    In the case of *New York Security &
Trust Co. v. Tacoma, supra,* the only question considered
by this court was that regarding the statute of limitations.
On examination of the record therein, we find that it fully
appeared that there had been sufficient money paid into the
special fund to satisfy all warrants issued prior to the one
held by respondent company, in the regular order in which
they were issued against the same fund; that the money

collected and paid by the city of Tacoma on the warrants issued subsequently to the one owned by such respondent, was properly and legally applicable to the payment of its warrant. In this case this fact does not appear.

The judgment of the lower court is clearly right, and must therefore be affirmed.