[No. 5550. Decided September 9, 1905.]

LEANNA M. HEMEN, *Administratrix of the Estate of F. P. Hemen, Deceased, Appellant,* v. THE CITY OF BALLARD, *Respondent.*[1]

LIMITATION OF ACTIONS—DIVERSION OF SPECIAL FUND FOR LOCAL IMPROVEMENTS — PAYMENT OF LATER WARRANTS — ACTUAL AND CONSTRUCTIVE NOTICE—ACCRUAL OF ACTION. The right of action against a city for the wrongful diversion of a special fund, provided for the payment of warrants, does not accrue until the holder of the warrant has actual notice of the diversion, constructive notice by the public record of payment of subsequent warrants not being sufficient to start the running of the statute (FULLERTON, J., dissenting).

MUNICIPAL CORPORATIONS—SPECIAL FUND FOR LOCAL IMPROVEMENT—WRONGFUL DIVERSION BY CITY—WARRANTS—PAYMENT OUT OF ORDER OF PRIORITY. A city renders itself liable to the holder of special fund street improvement warrants by paying subsequent warrants out of the order of their priority, where the fund was insufficient in amount to pay all the warrants issued against it, and nothing was left to pay the prior warrants.

SAME—IMPROVEMENTS AT CROSSING ASSESSABLE TO CITY—SAME A PART OF SPECIAL ASSESSMENT FUND. Under Bal Code, § 943, making the city liable for the cost of street improvements at street intersections and crossings, such cost, where an entire contract is made for the whole improvement, is to be paid by the city into the special fund for the benefit of special fund warrants to be paid in the order of their priority, and the payment of the city's share of the cost, by its general fund or street fund warrants out of their order, is a wrongful diversion, operating to the prejudice of the holders of special fund warrants, where the special assessment including the city's share is insufficient to pay the entire cost of the improvement.

Appeal from a judgment of the superior court for King county, Albertson, J., entered July 1, 1904, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action against a city for the wrongful diversion of a special fund for local improvements. Reversed.

[1] Reported in 82 Pac. 277.

6—40 WASH.

*Ballinger, Ronald & Battle* and *A. J. Tennant,* for appellant.

*M. H. Ingersoll,* for respondent.

CROW, J.—In the year 1890 the city of Ballard, by proper proceedings, improved Ballard avenue, created an assessment district, and afterwards levied a special assessment on all property in said district, thereby creating a special fund to pay for said improvement. A contract was let to one Thadeus Comfort for the total sum of $13,585.99, which was to be paid by warrants issued against said special fund. Under Bal. Code, § 943, the expense of said improvement at street crossings and intersections became a liability of the city, which in this instance amounted to $982.43. The total assessment made on property in the special district was $11,982.77, which, with said sum of $982.43, made a special fund of $12,965.20, not sufficient to pay the full contract price. No objection to the insufficient amount of said assessment has ever been made by any of the parties interested. The entire assessment made has been collected by the city.

Said improvement was fully completed by the contractor, and the city issued warrants to him numbered 1 to 79, inclusive, drawn on said Ballard avenue street improvement fund, for the total amount of $13,585.99, the entire contract price. F. P. Hemen purchased warrants 70, 71, and 72, each for $200, from said contractor, and owned the same at the time of the commencement of this action. Said warrants were identical in form and amount, No. 70 reading as follows:

"No. 70.     Street Improvement Warrant, $200.00.
            "Ballard, Wash., November 12th, 1890.
"Treasurer of the Town of Ballard:
    "Pay to Thadeus Comfort, or bearer, the sum of two hundred dollars out of the Ballard Avenue Street Improvement Funds, under Ordinance No. 12, not otherwise appropriated.
    "Chas. Hadfield, Town Clerk.    C. F. Treat, Mayor."

All warrants prior to No. 70 were fully paid from said special fund, and $291.91 was, on June 23, 1903, paid on the amount of principal and interest due on said No. 70. No payments have been made on 71 or 72, although demanded. On September 3, 1891, the city of Ballard took up warrants 73 to 77, inclusive, later than those held by Mr. Hemen, and paid or cancelled the same by issuing a warrant on its general fund, for the principal and interest due thereon; and, on January 11, 1892, said city also took up warrants 78 and 79, later than those held by Mr. Hemen, and paid or cancelled them by issuing a warrant on its street fund, for the principal and interest due thereon. The total principal amount of said special fund warrants 73 to 79, so taken up, was $982.43, being the sum for which said city was liable for the expense of said improvement at street crossings and intersections.

F. P. Hemen, as holder and owner of said prior warrants Nos. 71 and 72, claiming that said later warrants had been paid by said city with money that belonged to said special Ballard avenue fund, and that his warrants should have been first paid, commenced this action to recover damages sustained by him resulting from the wrongful action of respondent in first making payment of said subsequent warrants. The city pleaded the statute of limitations, to which affirmative answer the said F. P. Hemen replied by alleging that he had no knowledge of the misappropriation of moneys belonging to said special fund, until within three years prior to the commencement of this action. Upon the evidence, the trial court found this allegation to be true, but also found that all the above transactions were matters of public record from and after the time of their occurrence, and that said Hemen had constructive notice thereof.

Trial was had without a jury, and the court made findings by which the facts above stated were ascertained and determined. No exceptions were taken to said findings, the same having been accepted by both parties. Upon said find-

ings, the court made conclusions of law, and entered judgment dismissing the action. After the final judgment had been entered, the death of said F. P. Hemen was suggested, and upon stipulation Leanna M. Hemen, his administratrix, was substituted as party plaintiff, and now prosecutes this appeal.

Only two questions arise for our consideration: (1) Has the action been barred by the statute of limitations? (2) Is appellant entitled to recover on the facts found? We do not think the action has been barred. The trial court found affirmatively that said F. P. Hemen had not, at any time within three years prior to the commencement of this action, any actual notice or knowledge of the action of the city in taking up said later warrants. Under the authority of *New York Security & Trust Co. v. Tacoma,* 30 Wash. 661, 71 Pac. 194, and *Northwestern Lumber Co. v. Aberdeen,* 35 Wash. 636, 77 Pac. 1063, this action was commenced in time.

If respondent, in taking up said later warrants Nos. 73 to 79, disbursed money belonging to said special Ballard avenue fund, and in so doing paid warrants later than those held by appellant, and if, after payment of all warrants prior to those held by appellant, said money would have been sufficient in amount to have paid appellant's warrants, and if no money now remains in said special fund to pay appellant, then, under the holdings of this court, respondent would in this action be liable to appellant for damages sustained. *New York Security & Trust Co. v. Tacoma, supra; Northwestern Lumber Co. v. Aberdeen, supra; Potter v. New Whatcom,* 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135; *North Western Lumber Co. v. Aberdeen,* 22 Wash. 404, 60 Pac. 1115. Most of said cases also hold that warrants drawn on a special fund should be paid in the order of their priority. See, also, *La France Fire Engine Co. v. Davis,* 9 Wash. 600, 38 Pac. 154; *Bardsley v. Sternberg,* 18 Wash. 612, 52 Pac. 251, 524.

The facts show that there was enough money to pay all warrants prior to those held by appellant, and to make a partial payment on No. 70 held by him, but that no further funds now remain to pay any additional sum on his three warrants. The vital question, therefore, which we are called upon to decide is, whether said $982.43, which was to be paid by said city on account of the expense of said improvement at street crossings or intersections, was or was not a part of said special Ballard avenue street improvement fund. If it was, appellant is entitled to recover; if not, this action was properly dismissed.

In Bal. Code, § 943, which provides the method of making street improvements, creating assessment districts, and levying special assessments, we find the following language:

"The expense of all improvements in the space formed by the junction of two or more streets, or where one main street terminates in or crosses another main street, and also all necessary street crossings or crossways at corners or intersections of streets . . . shall be paid by such city."

The record shows that one entire contract was let to Thadeus Comfort to make the complete improvement, including crossings, street intersections, etc. The contract price was $13,585.99, which necessarily included the $982.43, for which the city was liable. The contractor was to be paid only in warrants issued from time to time on said special Ballard avenue fund. Seventy-nine warrants in all were issued to said contractor on said special fund, for the full contract price of $13,585.99. This method of business, adopted by the contractor and the city, clearly shows their construction of the contract to be that said contractor was to be paid out of said special fund for all the work including that portion for which the city was liable. This construction appears from the form and wording of the warrants themselves.

Our conclusion is that only one fund was contemplated, and that, after the seventy-nine special warrants had been

issued, the city was indebted to the special Ballard avenue street improvement fund just the same as any property within the district that had been assessed. When the assessments on said property were collected, they became a part of, and went into, said special fund, and we think an obligation rested on the city to pay its $982.43 into the same fund in the same manner that property assessed in the district was indebted therefor. This was certainly the orderly, proper, and businesslike method of proceeding, and had it been done, the city would have applied all the money in said special fund to the payment of said special warrants in the order of their priority, and appellant's warrants would have been fully paid. Instead of doing this, respondent issued warrants on its general fund and street fund, and instead of paying their proceeds into the special fund, used the same to take up special warrants 73 to 79, leaving appellant's prior warrants without any means of payment.

In argument, respondent refers to this transaction as a cancellation of an excess of warrants which had been improperly issued against the special fund. We think, however, that its legal effect was a payment of said special fund warrants with money which rightfully belonged to said special fund and should have been placed therein. Seventy-nine warrants had been issued in payment of $13,585.99, the full contract price. The only money that could become available to pay said seventy-nine warrants in their order was the special assessment coming from property in the dis-- trict, and the money due from the city for its share of the contract, and the total special fund thus created should have been paid on the special fund warrants in their order. Holding, as we do, that said $982.43 was legally and rightfully a part of said special fund, and should have been transferred to and paid into it, and the city, having failed to pay the special warrants in proper order, to the prejudice and damage of appellant, we are of opinion that appellant is entitled to recover.

The judgment of the superior court is reversed, and the cause remanded with instructions to enter judgment for appellant.

MOUNT, C. J., ROOT, HADLEY, and DUNBAR, JJ., concur.

FULLERTON, J. (dissenting)—I am of the opinion that the appellant's right of action was barred by the statute of limitations, and I dissent from the conclusion reached by the majority.