[No. 8078. Department Two. October 9, 1909.]

JOHN T. AMES, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS—SPECIAL FUNDS—WRONGFUL DIVERSION—PREJUDICE. A wrongful diversion of a special street fund, to the prejudice of the plaintiff, is not shown where it appears that, if none of the wrongful acts complained of had been committed by the city authorities, the special fund would have been exhausted by the payment of warrants in their order prior to the warrant held by the plaintiff.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 11, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover on a city warrant. Reversed.

*Scott Calhoun* and *H. D. Hughes*, for appellant.

*Frank A. Steele* and *Walter B. Beals*, for respondent.

[1]Reported in 104 Pac. 199.

CROW, J.—Action by John T. Ames against the city of Seattle, to recover the principal and interest remaining due on a local street improvement fund warrant. From a judgment in favor of the plaintiff, defendant has appealed.

There is but little controversy relative to the facts of the case. The evidence shows that, in 1888, the city of Seattle improved Depot street, and levied a special assessment upon benefited property to pay the expense thereof; that warrants were issued to the contractors against the special fund thereby created; that respondent purchased, and now owns, warrant No. 326, for $500, dated May 30, 1889, bearing interest at the rate of ten per cent; that his warrant was presented for payment on May 31, 1889, and indorsed "Not paid for want of funds;" that all other warrants against the special fund, including those subsequent to respondent's, have been paid, and that no payments have been made on his warrant save $125 interest to November 30, 1891, and the further sum of $146.89 paid November 19, 1907, which exhausted the special fund. Respondent therefore contends that the city is liable for the payment of his warrant by reason of its wrongful and negligent acts, in applying the special fund to the payment of subsequent warrants out of their order, to his damage.

The appellant contends, that warrants which matured and were payable prior to No. 326, held by respondent, were paid by the city out of its general fund, in satisfaction of judgments obtained thereon by reason of the city's negligent acts; that only $2,500 of the special street fund was applied to the payment of warrants subsequent to No. 326; that the city compromised special assessments, with property owners in the district, and as the result of such compromises lost $750 from the special fund; that its total acts of negligence did not cause a depletion of the special fund in excess of $3,250; that respondent's warrant 326 was in no way prejudiced by the city's negligent acts, as the sum of $3,250 above mentioned,

if collected and properly applied, would not have enabled the special fund to reach and satisfy the warrant in its order of payment; that respondent has not been prejudiced, and that he is not entitled to recover.

The record does show that several warrants prior to respondent's were paid by appellant out of its general fund in satisfaction of judgments rendered against it in actions arising out of its negligence; that had the entire proceeds of the collections in the special fund been applied to the payment of such prior warrants in the order of their maturity, and had the sum of $3,250, lost or diverted by appellant's negligence, been also properly applied to their payment, there would never have been sufficient money in the special fund to pay the warrant No. 326, now held by respondent. These facts being established by the evidence, respondent has not shown any cause of action arising in tort, although this is an action in tort. This action is not prosecuted to enforce a payment of respondent's warrant from the special fund on which it was drawn. That fund has been exhausted, and was not sufficient, if properly applied, to reach and pay his warrant in its regular order of maturity. Respondent now seeks to hold the city and its general fund liable for its wrongful acts, which he says prevented the payment of his warrant from the special fund. The only theory upon which he can recover is that the wrongful acts of the city were prejudicial to him. But it is apparent from the record that if the city had committed none of the wrongful acts of which he complains, but had properly handled the entire special fund, there would not have been sufficient money in such special fund to pay him.

The city in its brief concedes that those prior warrant holders who, in the order of right of payment, could have been paid out of the $3,250 if the same had not been lost or misapplied by its negligent acts, were entitled to recover in actions for damages. A number of prior warrant holders did recover judgments which were paid and satisfied from the

general fund. It is a conceded fact that such prior warrants were not paid from the special fund on which they and respondent's warrants were drawn. The vital question presented is whether the diversion of the special fund to the payment of subsequent warrants was prejudicial to respondent. If it was, he has an action for damages. Otherwise, he cannot recover. In *Northwestern Lumber Co. v. Aberdeen*, 35 Wash. 636, 639, 77 Pac. 1063, this court said:

"The complaint alleges a wrongful diversion of the special street improvement funds of respondent, and the payment, without authority, of moneys belonging to said funds, on warrants which were issued against the same and subsequently numbered. But it fails to allege that there was sufficient money, belonging to any of these special funds, diverted therefrom, to have paid and satisfied the other warrants against the same funds, issued in their regular order and prior in dates and numbers to these warrants held by appellant; or that appellant, at the times of the alleged diversion of such funds, was rightfully entitled to have such money, or any part thereof, applied towards the payment and liquidation of its warrants described in the complaint. In other words, the appellant was required to allege sufficient facts to show that it was prejudiced by the payment of those subsequent warrants out of their regular order, and that it had the lawful right to insist that this money, or some portion thereof, should have been applied towards the payment of the warrants in question. For aught that appears from the complaint, this money was insufficient in amount to have paid such prior outstanding paper, and the accrued interest thereon. If such were the case, appellant has no just or legal cause of complaint in the present controversy."

The undisputed evidence shows that the special fund unaided, if not improperly diverted, would not have satisfied respondent's warrant in its regular order of payment. He can claim no benefit by reason of the payment of prior warrants out of the general fund in satisfaction of judgments, and if he be awarded damages in this action, he is placed in a better position by reason of the city's wrongful acts than

he would have been in had no such acts been committed.  He cannot recover on any such theory.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

Rudkin, C. J., Parker, Dunbar, and Mount, JJ., concur.