[No. 14507.    Department One.    September 27, 1918.]

WM. D. PERKINS et al., Appellants, v. THE TOWN OF SIDNEY, now Town of Port Orchard, Respondent.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENT FUND—WRONGFUL DIVERSION—EVIDENCE—SUFFICIENCY—BURDEN OF PROOF. A town is not liable to the holder of warrants for wrongful diversion of the local improvement fund by the payment of subsequent warrants out of order, where it is not shown that the amount paid out and diverted would have been sufficient to pay all warrants prior in time and lower in number than those upon which the action is based.

TRIAL—REOPENING CASE—DISCRETION. · It is not an abuse of discretion to refuse to reopen a case for further evidence where it had been pending many years and been previously once tried.

Appeal from a judgment of the superior court for Kitsap county, Mitchell, J., entered June 16, 1917, upon granting a nonsuit, dismissing an action to recover on local improvement warrants. Affirmed.

[1]Reported in 175 Pac. 301.

*Carroll Hendron,* for appellants.
*John G. Barnes,* for respondent.

MAIN, C. J.—The purpose of this action was to recover upon three local improvement warrants. The trial resulted in a judgment of dismissal at the conclusion of the plaintiffs' case, from which the appeal is prosecuted.

The facts are these: For certain street improvement work, the town of Sidney (now the town of Port Orchard) issued and delivered warrants to the contractor for the work. At the time this action was instituted, three of these warrants were held and owned by the appellants. One of the warrants was drawn on district No. 4 street improvement fund, and the other two on district No. 5. Certain warrants which were subsequent in time and higher in number than those above referred to had been paid by the city prior to the institution of this action.

The action was begun on March 22, 1905, and was tried to the court in March the year following. Before a decision was rendered, and on April 27, 1909, upon the plaintiffs' motion, a new trial was granted. The cause was again tried to the court without a jury on December 19, 1912. At the close of the plaintiffs' case, the defendant moved for a nonsuit. This motion was taken under advisement by the court, and, before a decision was announced, the plaintiffs moved the court to defer the ruling on the motion for nonsuit, to reopen the cause and permit additional testimony to be introduced. This motion was denied, and from the judgment entered, the appeal was taken.

The record contains no evidence as to the number of warrants issued against the two funds, the amount of money in the funds at any time, or the amount of money, if any, which had been paid into the funds.

The first question is whether the record presents a *prima facie* case of liability on the part of respondent town. It is the settled law of this state that, before a city or town can be charged with primary liability on account of having paid local improvement warrants subsequent in time and higher in number than those upon which the action is based, there must be a showing that there came into the fund money sufficient to pay all warrants, and the interest thereon, which were prior in time and lower in number than those upon which the action is based, and pay the warrants sued upon, had not the money been diverted to the payment of warrants which were subsequent in time and higher in number. *Quaker City Nat. Bank v. Tacoma,* 27 Wash. 259, 67 Pac. 710; *Hemen v. Ballard,* 40 Wash. 81, 82 Pac. 277.

In the case first cited it is stated:

"It is the settled doctrine of this court that misappropriation of moneys belonging to a special fund of a city by the city will render it generally liable to the holders of warrants drawn upon the special fund to the amount of the moneys so misappropriated, and that the payment of warrants drawn upon a special fund, issued subsequent in time to other warrants drawn upon the same fund, is such a misappropriation, if the effect of such payments is to exhaust the fund and leave prior warrants unpaid."

The burden is on the party asserting liability of a city to allege and prove a misappropriation of the local improvement fund, in that warrants were paid out of their order and that the party bringing the action was damaged thereby. *Northwestern Lum. Co. v. Aberdeen,* 35 Wash. 636, 77 Pac. 1063.

The evidence in this case fails to show that the amount of money paid out on the warrants subsequent in time and higher in number would have been sufficient to pay all warrants which were prior in time

and lower in number than those upon which the action is based, assuming that the warrants were paid out of the local improvement funds. It is unnecessary to review authorities cited in appellants' brief, because, as it appears to us, the decisions of this court are controlling.

Reversal is also sought because the trial court declined to permit further testimony to be taken after the cause had been tried and prior to the time a decision was announced, but there was no error in this respect. The action had been pending many years and had been previously once tried. It was not an abuse of discretion on the part of the trial court to refuse to reopen the case for further testimony.

The judgment is affirmed.

FULLERTON and PARKER, JJ., concur.