[No. 16301. Department One. May 14, 1921.]

MATAPAN NATIONAL BANK, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS (502)—LOCAL IMPROVEMENT FUND—WRONGFUL DIVERSION. Where a city collects any part of a special fund arising from the collection of improvement assessments and misappropriates it by paying warrants issued on the fund insufficient to satisfy earlier warrants, it is liable to the holders of the earlier warrants from its general fund to the extent of such misappropriation.

LIMITATION OF ACTIONS (45)—LOCAL IMPROVEMENT—WARRANTS—NOTICE OF FUND. Where an action against a city by a warrant holder, based on the misappropriation of a special fund, was barred by the statute of limitations, a transferee of the warrant could not maintain an action thereon under the rule that the statute begins to run against a party injured only from the time he acquires knowledge of the misappropriation; since a municipal warrant is not a negotiable instrument and a purchaser takes it subject to the defense that it was barred in the hands of the prior holder.

SAME (57)—COMPUTATION—DISCOVERY OF FRAUD—WANT OF DILIGENCE. In an action against a city to recover upon a warrant against a special fund which had been misappropriated by the city, a complaint alleging that a prior holder of the warrant had made repeated demands for its payment and was informed each time there were no funds available, was demurrable as showing on its face that such holder had sufficient knowledge to put him upon inquiry as to the specific cause therefor, and that his failure to discover that the absence of funds was due to misappropriation by the city would not toll the statute of limitations either in his favor or in favor of his transferee.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 26, 1920, upon sustaining a demurrer to the complaint, dismissing an action to recover on a municipal warrant. Affirmed.

*Kerr, McCord & Ivey* (*Wm. Z. Kerr,* of counsel), for appellant.

*Walter F. Meier* and *Edwin C. Ewing,* for respondent.

[1]Reported in 197 Pac. 789.

FULLERTON, J.—In this action the appellant, the Matapan National Bank, seeks to recover from the city of Seattle the amount of a warrant issued by the city upon a special fund created for the purpose of making a street improvement. A demurrer to the complaint of the appellant was interposed by the city which the trial court sustained. The bank elected to stand on its complaint, and appeals from the judgment entered against it.

It appears from the complaint, aided by the bill of particulars furnished on the demand of the city, that the warrant giving rise to the action was issued by the city on December 9, 1890, and that it was stamped by the city treasurer as presented for payment, and not paid for want of funds on the tenth day of the same month. It was issued to the contractor who performed the improvement work and by its terms is payable out of a special fund created by the ordinance which authorized the improvement. To charge the city with liability, it is alleged that the contractor, after receiving the warrant, transferred and assigned it for a valuable consideration to the Washington National Bank; that this bank subsequently transferred it to one W. A. Clark, who owned and held it for more than twenty years, making repeated demands on the city during that time for its payment; and that Clark, within the two years prior to the commencement of the action, pledged it to the appellant bank as security for a loan, and that the appellant is now the owner and holder thereof. It is then alleged:

"That there is no money in the said fund with which to pay the said warrant, all of which is due to the neglect and carelessness of the defendant; that the defendant has heretofore taken from the said fund and paid warrants against the city upon said fund subsequent to the date of the plaintiff's warrant, sums of

money sufficient to have paid in full the plaintiff's warrant after paying in full all preceding warrants issued prior to the warrant of the plaintiff and the defendant has released and discharged of assessment large amounts of property for sums far less than the amount due and collectible against the property, and has released and discharged from said assessments large amounts of property that were charged and of a value far in excess of the assessments, without the payment of any money for the said fund, and has received warrants drawn upon other funds and upon the special fund subsequent in date and number to plaintiff's warrant in lieu of money, in amounts more than sufficient to have fully paid and cancelled plaintiff's said warrant as well as all preceding warrants; and defendant has settled and compromised judgments and assessments against the property in said assessment district rendered in suits brought to foreclose the liens on said assessments for sums far less than the amounts owing upon the assessments and shown in the proceedings in said suit and has received and accepted as cash and compromised in suits warrants long subsequent in date and number to the warrant of the plaintiff; that the defendant has permitted a judgment to be entered against it in cause No. 46956 in the above entitled court in the case of Puget Sound National Bank, a corporation, vs. The City of Seattle, in favor of the plaintiff, in which case it was adjudicated that a sufficient sum had been misappropriated or misapplied from the said special assessment fund to have paid the warrants prior to and including warrant No. 1742; that by reason of the failure of the defendant to pay the warrants drawn upon the improvement fund in the order of their numbers, dates and issuance, the plaintiff has been materially damaged and injured, and has also been materially damaged and injured by reason of the action of the city in compromising various assessments against the property within said improvement districts and along the line of said improvements; that by reason of the litigation and prior judgment above referred to, it has been judicially determined that the city has diverted sufficient sums from the said special

district fund to have paid the warrant of the plaintiff had the city paid the warrants in the order of their issuance upon the said fund and had the city not compromised with the property owners for less than the amount of the assessments the entire amount of plaintiff's warrant and interest would have been paid in full, including the other warrants issued upon the improvement fund prior in time and number to the plaintiff's warrant; that the city has carelessly and negligently failed to enforce the collection of assessments against the property in the assessment district for such length of time that the said assessments are unenforcible and no further money will be collected by the defendant from the property holders along the line of said improvement and within the improvement district; that as a result of said act, defendant's special fund has been depleted and destroyed and redemption of the plaintiff's warrant has been made impossible.''

In a subsequent paragraph, it is alleged:

''That the plaintiff had no knowledge nor information of the wrongful acts on the part of the defendant herein complained of until on or about the 25th day of August, 1918, when the said warrant was again presented to the city for payment and plaintiff was informed that said warrant had never been called and there were no moneys in the said special fund.''

The demurrer of the city to the complaint was based on two grounds; first, that the complaint does not state facts sufficient to constitute a cause of action, and, second, that the action was not commenced within the time limited by law.  The first of the questions suggested by the demurrer, does not require extended consideration.  While the decisions of this court as to what other neglects, omissions, or overt acts, on the part of a municipality with relation to a special fund will require it to answer from its general fund for shortages therein may not be entirely consistent, the court has consistently and uniformly held that if it collects

any part of the special fund and misappropriates it by paying warrants issued on the fund later in time than other warrants, thereby leaving the fund insufficient to satisfy the earlier warrants, it is liable from its general fund to the holders of the earlier warrants to the extent of the misappropriation. As we said in *Quaker City Nat. Bank v. Tacoma,* 27 Wash. 259, 67 Pac. 710, and repeated in *Perkins v. Sidney,* 103 Wash. 595, 175 Pac. 301:

"It is the settled doctrine of this court that misappropriation of moneys belonging to a special fund of a city by the city will render it generally liable to the holders of warrants drawn upon the special fund to the amount of the moneys so misappropriated, and that the payment of warrants drawn upon a special fund, issued subsequent in time to other warrants drawn upon the same fund, is such a misappropriation, if the effect of such payments is to exhaust the fund and leave prior warrants unpaid."

Since it is directly alleged in the complaint that the respondent city did misappropriate the special fund here in question by paying warrants drawn thereon issued later in time than the appellant's warrant, thereby leaving the fund insufficient to satisfy the warrant, it states a cause of action, good as against a general demurrer, regardless of the effect that may be given to the alleged misfeasances.

To the question suggested by the other branch of the demurrer, whether the action is barred by the statute of limitations, the answer is not so direct. Since some twenty-eight years elapsed between the time of the issuance of the warrant and the time the action was commenced, and since the longest period of time allowed by statute for the commencement of any action is ten years, it is plain that the action is barred, unless some cause has intervened which tolls the statute. It

was the purpose of the second of the paragraphs we have quoted from the complaint to show a tolling of the statute. The allegation is based on our cases to the effect that the statute begins to run against an action arising from the misappropriation of a special fund from the time that the party thereby injured acquires knowledge of the misappropriation. *Potter v. New Whatcom*, 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135; *New York Security & T. Co. v. Tacoma*, 30 Wash. 661, 71 Pac. 194; *Hemen v. Ballard*, 40 Wash. 81, 82 Pac. 277; *Northwestern Lumber Co. v. Aberdeen*, 44 Wash. 261, 87 Pac. 260.

Is the allegation sufficient for the purpose intended? It is our opinion that it is not. In this state municipal warrants, whether issued upon a general or a special fund, are not negotiable instruments. *Barker v. Seattle*, 97 Wash. 511, 166 Pac. 1143, Purchasers of such warrants take them subject to any defense which may be urged against their validity, whether arising from some defect which renders them void in their inceptions, or from the acts of an intermediate holder. *State ex rel. State Bank v. Scott*, 102 Wash. 510, 173 Pac. 498. It appears from the complaint that the warrant was held by the contractor to whom it was originally issued, and by the bank to which the contractor assigned it, for the first six years of its existence, that it was then assigned to one Clark, who held it for more than twenty years, and that it was at the end of these periods of time that Clark assigned it to the present holder, the plaintiff in this action. The allegation, while sufficient to show the present holder has not been guilty of such laches as will bar the action, is not sufficient to show that it was not barred while in the hands of some one of the prior holders. Since there was an apparent bar, such a showing was

necessary.   To hold otherwise would be to hold that an owner of a municipal warrant could transfer therein a greater interest than he himself possessed, a rule applicable generally only to negotiable instruments.

While the foregoing conclusion requires an affirmance of the judgment of the trial court, we think the judgment can be sustained on a broader ground.   It is alleged in the complaint that Clark, during the time he held the warrant, made repeated demands for its payment, and was informed at the time of each demand that there were no funds available for the purpose.   It is alleged also that the time has long since passed within which a fund could be made so available.  While no time is fixed as the time when this latter event happened, the statute itself fixes the time, and shows, when compared with the actual dates given, that it was for a much longer period than the period of the statute of limitations.   It does not appear that Clark had knowledge of the specific cause why no funds were available, but the knowledge of the fact that no funds were available to pay the warrant, and the knowledge that none could be made available, was sufficient to put him upon his inquiry as to the specific cause.   Clark, therefore, could not have recovered upon the warrant at this late day, and the appellant, having no superior rights, likewise cannot recover.

The judgment is affirmed.

PARKER, C. J., BRIDGES, and HOLCOMB, JJ., concur.