[No. 26581. Department One. December 20, 1937.]

ALICE C. ZINSER, *Appellant,* v. THE CITY OF VANCOUVER, *Respondent.*[1]

[1]Reported in 74 P. (2d) 486.

*Hall & Schaefer* and *R. A. Bennett,* for appellant.
*D. Elwood Caples,* for respondent.

·GERAGHTY, J.—This appeal is from a judgment of dismissal entered after the court had sustained a demurrer to appellant's third amended complaint.

The complaint alleges that the appellant is the owner of a local improvement bond, in the sum of five hundred dollars, issued by the ˙respondent, the city of Vancouver, and payable out of special assessments levied by the ˙city for payment of the cost of certain improvements within the local improvement district. The bond is the last of the bonds issued against the district fund, and the only one remaining unpaid. It was payable on or before December 7, 1932. Interest was paid to that date, but no interest has been paid since, and there is now due and owing the face of the bond, with interest.

The complaint also alleges that the assessments levied upon the property benefited by the improvements made in the district were adequate in amount to fully pay and discharge all warrants and bonds, together with interest, issued against the district, including the appellant's bond; and that all assessments levied upon benefited property in the district, together with interest and penalties, have been paid in full by the benefited property owners. Demands upon the city for payment and its refusal are alleged. Judgment is demanded against the city for the face of the bond, with interest.

A copy of the bond is attached to the complaint and

made part of it by reference. The bond is in the usual form, and contains on its face the declaration required by chapter 98 of the 1911 Session Laws, p. 474, § 52, Rem. Rev. Stat., § 9405 [P. C. § 1040], as follows:

" 'Section 52. Neither the holder nor owner of any Bond issued under the authority of this act shall have any claim therefor against the City by which the same is issued, except from the special assessment made for the improvement for which such Bond was issued, but his remedy, in case of non-payment, shall be confined to the enforcement of such assessments. A copy of this section shall be plainly written, printed or engraved on each Bond so issued.' "

The court sustained the demurrer because of the insufficiency of the allegations of the complaint to create an obligation against the city.

While the complaint alleges the levy of sufficient assessments against the benefited property in the district to pay all of the bonds and interest, and that all of the assessments so levied have been paid, there is no allegation, in terms, that there is money now in the fund to pay the bond in whole or in part.

In her brief, the appellant states her position as follows:

"It is the contention of the appellant that the demurrer was erroneously sustained by the court, and that the third amended complaint states a cause of action against the respondent. It being the position of the appellant that said complaint states a cause of action against the respondent arising ex contractu, which would support a general judgment against the respondent. If the appellant may not obtain a general judgment against the respondent, then she is entitled to a special judgment against it, to be satisfied only out of the special fund of local improvement district No. 156."

In *Quaker City Nat. Bank v. Tacoma*, 27 Wash. 259, 67 Pac. 710, it is said:

"It is the settled doctrine of this court that misappropriation of moneys belonging to a special fund of a city by the city will render it generally liable to the holders of warrants drawn upon the special fund to the amount of the moneys so misappropriated, . . ."

This rule was repeated in *Perkins v. Sidney,* 103 Wash. 595, 175 Pac. 301, and in *Matapan Nat. Bank v. Seattle,* 115 Wash. 596, 197 Pac. 789; and is implied in many other decisions of this court.

But before the appellant could recover under this principle, it would be necessary for her to allege and prove misappropriation by the respondent.

Respondent contends, based upon authorities which it cites, that it is also necessary for the appellant to allege and prove that she had filed a claim with the city for her damages resulting from its misappropriation, within the time and in the manner provided by statute. However, since the complaint is lacking in the primary allegation of misappropriation, it is unnecessary to discuss that contention.

Touching appellant's second contention that she is, in any event, entitled to judgment against the district fund, we are at a loss to see how such a judgment could place her in any more advantageous position than she is as the holder of the sole outstanding obligation against the fund. A judgment against the district could only direct payment of the bond by the city treasurer as and when money therefor accumulated in the fund. Such a judgment could not be enforced by execution.

The proper remedy available to the appellant would be mandamus to compel satisfaction of the judgment by the city treasurer, if he had the funds with which to pay. That remedy the appellant possesses, by reason of the ownership of her bond, as effectively as if she had a judgment. The statute under

which the bond is issued makes it the mandatory duty of the treasurer to pay the bond on presentation, when he has the funds on hand to do so. The bond, to all intents and purposes, is a warrant on the treasurer to make payment.

*State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207, was a case where a school teacher sought, by mandamus, to compel the issue, by the officers of a school district, of a salary warrant. The lower court dismissed the proceeding on the ground it was not a case in which mandamus would lie. In the course of the opinion, written by Judge Fullerton, it is said:

"As his contract with the district provided that he was to be paid by a warrant drawn by the school board on the county treasurer, in no other way was he entitled to receive payment for his services, and, unless he can force the board to act, it is difficult to see how he is going to get paid at all. An action at law against the district will not furnish him relief. The most he could obtain by such an action would be a judgment against the district which would entitle him to a warrant drawn by the directors on the county treasurer. He could not obtain a judgment which could be collected by execution. If the judgment was not paid voluntarily—if the directors still refused to act of their own volition—he would yet have to resort to mandamus to secure his rights.

"It would seem, therefore, that in reason the claimant could resort to the remedy of mandamus in the first instance."

Finally, appellant urges that, in any event, she is entitled to a judgment against the special fund to preserve her claim against the bar of the statute of limitations.

What we have already said disposes of this contention. She admits that all of the assessments levied on the district property have been paid, and that these assessments were sufficient to pay all of the

obligations of the district; therefore no further recourse can be had against the district property by any additional assessment. All the money that could ever accrue to the fund has already been paid into it. If there is now any money in the fund, she has a present remedy for enforcing its payment to her.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.