HAVELOCK NATIONAL BANK, APPELLEE, v. NORTHPORT IRRIGATION DISTRICT, APPELLANT.

298 N. W. 695

FILED JUNE 13, 1941.   No. 31101.

F. E. Williams and Wright & Wright, for appellant.

R. O. Johnson and Bern R. Coulter, contra.

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

FALLOON, District Judge.

This is a law action brought by the appellee, Havelock National Bank, against the appellant, Northport Irrigation District, upon ten warrants dated December 10, 1930, for $500 each, with interest at 7 per cent. from date. Jury

was waived and appellee recovered judgment in sum of $8,211.30.

The pleadings admit that the appellee is a corporation under the federal banking statute and that appellant is a municipal corporation duly organized under the laws of this state.

The amended petition alleges that warrants were purchased and delivered on December 10, 1930, and registered the same day, and that demand for payment had been made and refused on July 6, 1937, and that the officers had failed to collect the funds for payment of same, had failed to take steps to collect taxes for that purpose, that the officers further failed to make a levy sufficient to create such a fund, and that the money collected on such levy had been used to pay other warrants not drawn against said levy. There is a separate cause of action on each warrant.

The answer, aside from admitting the corporate existence of the parties, was a general denial, and pleaded the statute of limitations against each cause of action.

The reply denies all allegations except that of corporate existence of the parties, and further alleges failure of the appellant to perform affirmative acts required by statute in creating a fund to pay said warrants, that the appellant received the benefits and is estopped from pleading the statute of limitations, and that the appellant should not be permitted to interpose its failure to act as the law required.

These presented the issues which were decided by the lower court on February 13, 1940. The judgment found generally for the appellee on each of the ten causes of action, that the district sold and delivered the warrants to appellee, who is the owner and holder thereof, that no part thereof has been paid, that they were duly registered for payment, that the amount collected thereon had been used for other purposes, that the district has neglected and refused to create a fund for the payment of the warrants, and that the appellee bank is entitled to a judgment on each cause of action in the sum of $821.13 with interest at 7 per cent. from date of judgment.

The appellant contends that the findings and judgment are not sustained by sufficient evidence and are contrary to law.

The evidence conclusively shows that the appellee bank purchased said warrants at their face value, that it is the holder thereof, and that they are unpaid. The evidence also shows that they were drawn against the 1930 levy, and that said levy is sufficiently exhausted so that these warrants cannot be paid from it, and that $14,239.70 out of the 1930 levy was paid out on 1929 warrants.

The evidence also shows that the appellee bank was never notified that sufficient money was collected on the 1930 levy to pay these warrants, that it was used for other purposes, but it does show one of the officers of the appellant did imply that they had not yet been collected and promised to notify the appellee bank as soon as they were. The evidence also shows that the appellee did not learn that some of the 1930 levy had been collected and applied on other indebtedness until 1938 about the time this action was commenced and then learned it from its attorney.

The correspondence between the appellant and the appellee, while not as specific as it might have been, undoubtedly conveyed to the appellee that the levy had not been collected because of bad conditions, but repeatedly held out hope that it would be collected and warrants paid at least in part within the near future, and this correspondence covered several years and as late as March 11, 1937. The evidence shows various dates, which are not necessary to specify, that part of the 1930 levy was collected so as to pay these warrants one or two at a time, had the money been properly paid out.

The appellant contends that the statute of limitations should apply in this case. We have no reason to question its contention that such a statute applies to municipal corporations as well as individuals. This is not the real question in this case. Nor can we follow its contention that the statute of limitations begins to run when sufficient money was collected on the 1930 levy. The fact is, this

money was not paid on these warrants. To infer that it would have been paid had it been presented would require that the holder of a warrant would have to remain in the treasurer's office to insure that the warrant was paid and not applied on other warrants. That is the reason for the statute which provides that the money collected on a levy shall be applied to warrants drawn against that levy and for no other purpose until such warrants are retired.

It is the duty of the treasurer of a municipal corporation to give notice to the holder of warrants when sufficient money is in the treasury to pay said warrants. See Comp. St. 1929, sec. 77-2404. Likewise it is his duty to pay registered warrants in the order of their registration.

There is moreover a more important reason why the statute of limitations should not apply in this case. When the warrants were sold to provide ready money against the 1930 levy, the collection of that tax money created a special fund. The appellant became a trustee for that money and the money should have been paid on these warrants and not for other purposes. In this case some $14,000 of the money collected was used to pay 1929 warrants. This was prohibited by statute. The statute of limitations does not run against a trust fund until it is converted into an adverse holding and knowledge of such conversion is brought to the *cestui que trust*. See *New York Security & Trust Co. v. City of Tacoma*, 30 Wash. 661, 71 Pac. 194.

There seems no doubt that the appellant wilfully deceived the appellee bank by the correspondence in such manner as to act as an estoppel to the pleading of the statute of limitations. Since the proper pleading of that phase of estoppel was not made, this court finds it unnecessary to discuss that question.

There is no merit to the contention that a larger judgment was recovered than was asked. The computations are correct.

There is no doubt that the failure of the treasurer to give to appellee bank notice that there was sufficient money to pay its warrants acted as a bar to the statute of limitations

where the statute made that an affirmative duty. Moreover, the failure to apply a special fund to the purpose for which created acted likewise as a bar to the same statute, since no notice of such conversion was given nor did the warrant holder have such knowledge.

The judgment of the lower court is therefore

AFFIRMED.