[No. 6277. Decided November 1, 1906.]

NORTHWESTERN LUMBER COMPANY, *Respondent*, v. THE CITY
OF ABERDEEN, *Appellant*.[1]

MUNICIPAL CORPORATIONS — DIVERSION OF FUNDS — LIMITATION OF
ACTIONS. An action against a city for the wrongful diversion of
local improvement funds by the payment of warrants out of their
order, is not barred until three years after the holders of warrants
discover the diversion; and the holder is not bound to take notice
of city records showing such diversion, where the city treasurer is
required, and failed, to give notice when funds were in his hands;
especially within the time that the city might collect such funds.

SAME—NOTICE—EVIDENCE—SUFFICIENCY. There is sufficient evi-
dence that the holder of warrants had no notice of the city's mis-
appropriation of a special fund by the payment of warrants out of
order, where the manager's positive statement is that he did not
examine the warrant register and had no notice of payment out of
order, although it appears by his letter that some of the city records
were examined, upon an attempt by him to obtain a partial payment
which was refused for want of funds.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered February 15, 1906, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action against a city for
the wrongful diversion of a special fund for local improve-
ments. Affirmed.

*R. E. Taggart*, for appellant.
*Austin E. Griffiths*, for respondent.

MOUNT, C. J.—Respondent recovered a judgment for dam-
ages against the city of Aberdeen on account of certain
special assessment warrants, because certain other warrants
issued subsequently on the same fund had been paid out of
order, leaving insufficient funds to pay the warrants held by
respondent. The city appeals, alleging that the court erred

[1] Reported in 87 Pac. 260.

in refusing to find that each of the causes of action set out in the complaint was barred by the statute of limitations, and that there were prior warrants outstanding on one fund greater than the amount misappropriated from such fund. There is no dispute in the testimony, and the trial court found, that the respondent had no knowledge or information, until the 25th day of November, 1902, that the city had misappropriated any of the money collected into the special assessment fund; but also found,

". . . that at the time of the payment of warrants out of order as set forth in the complaint, such payments were recorded in the warrant register of said city, and that the warrant register was a public record of said city and at all times open to the inspection of said plaintiff; that the defendant at no time concealed or misrepresented any of its transactions in relation to the payment of said warrants."

The funds were collected and misapplied in 1891. This action was not begun until October 5, 1905, which was within three years after actual notice to the respondent that funds had been misappropriated. Appellant contends that, under the finding copied above, the court should have dismissed the action because the respondent was bound to take notice of the public records; but we held in *Hemen v. Ballard*, 40 Wash. 81, 82 Pac. 277, where the same question was presented, that if the action was begun within three years after the actual notice it was in time. This rule, of course, is based upon the fact that the city treasurer is required to give notice to warrant holders when funds are in his hands to be paid out, upon warrants issued against such funds, and that warrant holders are therefore not required to take notice of the records or the misappropriation of such funds, especially within the time the city under the law may collect such funds into its possession. *Potter v. Whatcom*, 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135; *Gove v. Tacoma*, 26 Wash. 474, 67 Pac. 261; *New York Security & Trust Co. v. Tacoma*, 30 Wash. 661, 71 Pac. 194; *Gove v. Tacoma*, 34 Wash. 434, 76 Pac. 73.

Appellant also contends that the respondent had actual notice in 1894, by reason of a letter dated April 19 of that year, which letter was written by the respondent to the city and contained this statement:

"We learn on examination of your city records that there is money in some of your special funds on which we hold warrants, and that the warrants which we hold are next in order of payment, but that the money in these funds is not sufficient to take up any one warrant that we hold against such funds, and your treasurer declines to indorse a partial payment on any warrant, the reason given being that he would be without the necessary voucher to turn over to his successor in office on demand," etc.

While this letter states that respondent had examined the city records, it does not say that respondent had examined the warrant register, which appears to have been the only record which showed the wrongful payment. Upon the positive statement of respondent's manager that this register was not examined, and that no notice of the payment of warrants out of order was had until 1902, we think the court was justified in finding as a fact that no notice was received by respondent until that time. We find no evidence in the record sufficient to justify the contention that there are prior warrants outstanding on the B street fund, greater in amount than the money misapplied from said fund.

There is no error in the record, and the judgment is therefore affirmed.

ROOT, DUNBAR, CROW, and HADLEY, JJ., concur.