WILLIAM KELLY, an Infant, by JOHN KELLY, His Guardian ad Litem, Respondent, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, Impleaded with THE CITY OF NEW YORK, Defendant.   (No. 1.)

First Department, March 5, 1920.

Schools — liability to invitee for injuries received in gymnasium — duty of board of education to keep appliances in gymnasium in safe condition.

In an action to recover for injuries received by the plaintiff while using a defective spring board in one of the defendant's gymnasiums it appeared that the plaintiff, a boy, went to the gymnasium at the invitation of the physical director thereof who was hired by the community center and paid by a member of the local school board; that the community center was permitted by the defendant board of education to use the gymnasium for a recreation center for boys in the neighborhood; that the plaintiff lived in the neighborhood but was not a pupil of the school with which the gymnasium was connected; and that the defect in the spring board had been reported to the director.

*Held*, that the board of education was liable, for by permitting the community center to use the gymnasium and apparatus for a community use, there was an invitation to those who availed themselves of the privilege to come upon the premises and use the apparatus, and, therefore, the duty rested on the board of education to use reasonable care to keep the premises and appliances in a safe and suitable condition, and as the defective condition of the spring board had been reported to the director it was the duty of the board to remove it or notify invitees of its dangerous condition and prohibit its use.

APPEAL by the defendant, The Board of Education of the City of New York, from a judgment of the Supreme Court in

favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of April, 1919, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*William A. Walling* of counsel [*John F. O'Brien* with him on the brief; *William P. Burr, Corporation Counsel*], for the appellant.

*John C. Robinson* of counsel [*Theodore H. Lord* with him on the brief], for the respondent.

PAGE, J.:

The action was originally brought against the city of New York and the board of education of the city of New York, but the complaint as against the city of New York was dismissed at the close of the plaintiff's case. The facts are that William Kelly, the infant plaintiff, residing at 232 East Seventy-fourth street, formerly attended a public school at 203 East Seventy-fifth street, but stopped going to school in June, 1916, and was employed in the Orthopedic Hospital. On the evening of November 9, 1916, the plaintiff visited the gymnasium in Public School No. 158, located on Avenue A between Seventy-seventh and Seventy-eighth streets, upon an invitation from one Goldstein, who was the physical director employed by the community center and paid by one Mrs. Kennedy, a member of the local school board committee. The community center was permitted by the board of education to use the gymnasium and apparatus in Public School Building No. 158, for a recreation center for boys in the neighborhood on certain evenings. The gymnasium was in charge of the principal of the school as director during these times. Plaintiff with other boys moved a spring board from the side of the room out upon the floor, and placed a " buck " in front of it and a mat on the other side. This spring board consisted of longitudinal strips of wood, which at one end were fastened to a framework level with the floor. At about the middle these boards were bolted to a support somewhat higher than the floor. At the other end these strips were bolted underneath to a crosspiece. In use, the boys would run and spring upon the board at about the

center and then jump to the end and vault over the buck, assisted by the resulting spring of the board. On the night in question the boys lined up. Plaintiff, leading, ran down, took the two jumps and landed on the end of the board. Two of the slats were not bolted to the board, as a result of which they did not go down with the other slats, and plaintiff's foot was caught and he suffered serious injuries.

The question presented is the liability of the board of education. The corporation counsel claims that the defendant was not liable for the reasons: *First.* Plaintiff was not a pupil of the school. *Second.* Goldstein, the physical director, who saw the boys taking the spring board and did not forbid its use or notify them of the danger, was not an employee of the board, and hence the doctrine of *respondeat superior* does not apply. *Third.* That in maintaining this gymnasium and spring board, the board of education was exercising a governmental function, and the complaint should be dismissed.

In my opinion, the board of education is to be held liable in this case upon the following grounds: By permitting the community center to use the gymnasium and apparatus for a community use, there was an invitation to those who availed themselves of the privilege to come upon the premises and use the apparatus. Plaintiff was on the premises as an invitee, and not as a mere licensee. The duty, therefore, rested upon the board of education to use reasonable care to keep the premises and appliances in a safe and suitable condition so that invitees would not be unnecessarily and unreasonably exposed to danger. It was shown that this spring board had been out of repair for three or four weeks, and that such condition had been reported to the director. The duty of the board was then to remove this defective apparatus, and not leave it in the gymnasium, or to take some means of notifying the invitees of its dangerous condition and prohibit its use.

The case was submitted to the jury by the trial justice with a very good charge, and the judgment and order should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order affirmed, with costs.