STATE ex rel. BLENKNER, Appellant, v. STILLWATER
COUNTY et al., Respondents.

(No. 7,653.)

(Submitted March 24, 1937. Decided April 1, 1937.)

[66 Pac. (2d) 788.]

*Mr. M. L. Parcells* and *Messrs. Blenkner & MacFarlane,* for appellant, submitted a brief; *Mr. E. A. Blenkner* argued the cause orally.

*Mr. Harrison J. Freebourn,* Attorney General, *Mr. Carl N. Thompson,* Assistant Attorney General, and *Mr. P. R. Heily,* County Attorney of Stillwater County, submitted a brief; *Mr. Thompson* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from a judgment of dismissal entered on an order sustaining a motion to quash an alternative writ of mandate. This case was before this court previously, in *State ex rel. Blenkner* v. *Stillwater County,* 102 Mont. 130, 56 Pac. (2d) 1085. The defendants are Stillwater county, the county treasurer, and the board of county commissioners in their official capacity.

The application or affidavit alleges the creation and existence of the defendant Stillwater county and the official capacity of the various other defendants; that Columbus Irrigation District No. 1 is a duly created and existing irrigation district; that the county treasurer and his predecessors in office were the custodians of funds belonging to this district; that on August 6, 1920, the irrigation district was indebted to one Barr, and that it issued a warrant in regular form to him for the sum of $1,386.69, which was presented for payment to the then county treasurer on the same day and by him registered with the endorsement "Not Paid for Want of Funds." It is further alleged that Barr for a good and valuable consideration sold and assigned the warrant to the relator, who is a resident and taxpayer of the defendant county and its lawful owner and holder, no part of which has been paid; that all warrants prior to the one in question have been paid in full or called for payment; that tax levies were duly made from time to time and money collected for the purpose of paying the indebtedness of the district; that all sums so collected were placed to the credit of the warrant and interest fund of the district and were sufficient in amount to pay all registered warrants prior to No. 70, the one in question here; that, in addition, the sum of $2,089.33 was collected, all of which moneys were commingled with and became a part of the funds of the defendant county; that thereupon it became and was the duty of the county treasurer to pay all warrants drawn against the funds in the order in which they were registered, and not otherwise; that the predecessors in office of

the county treasurer charged against the warrant and interest fund of the irrigation district, warrants that were presented for payment and registered subsequently to the warrant in question, aggregating a total of $1,553.52; that there is now to the credit of this particular fund the sum of $535.81; that neither the relator nor his predecessors in interest ever had any notice or knowledge of these charges so made against the fund until on or about March 1, 1935; that immediately upon being advised of these charges, and on March 6, 1935, the relator made demand upon the present county treasurer to restore to the credit of this particular fund the amount of $1,553.52, and that likewise a demand was made on the defendant county commissioners that they cause to be restored to the credit of that fund this sum of money; that at the time of making these there was, and had been at all times a greater sum of money in the general fund of Stillwater county, and that there was at the time of the commencement of the action the sum of $40,163.69; that the defendants have failed to restore or credit the sum of $1,553.52. Following these allegations there appear others as to certain damages and that relator is without a plain and speedy remedy at law.

The prayer demands relief to the effect that the defendants restore to the credit of the warrant and interest fund of the irrigation district the sum of $1,553.52, and that the amount of such restoration be charged against any unappropriated funds in the general fund of Stillwater county, and that the defendant board of county commissioners provide in the next annual budget for the restoration of such sum of money. Relator prays also for judgment for damages alleged, and for general relief.

An alternative writ was issued in conformity with the application, to which the defendants filed a motion to quash, asserting that the affidavit was insufficient for want of facts to constitute a cause of action in mandamus; that the relator had a plain, speedy and adequate remedy at law, and that he was barred by laches appearing on the face of the pleading. This motion was sustained. Judgment of dismissal was entered.

A motion to quash admits the truth of the allegations of the application. (*State ex rel. Blenkner* v. *Stillwater County,* supra.)

The defendants argue that certain of the allegations, such as that the relator and his predecessors had no notice of the conduct of the county treasurer, are mere conclusions and, therefore, ineffectual for any purpose. In the case of *Reed* v. *Woodmen of the World,* 94 Mont. 374, 22 Pac. (2d) 819, 822, we distinguished between conclusions of law and conclusions of fact, and there said: "Where the conclusion describes a legal status or condition or a legal offense, it would ordinarily be termed a conclusion of law; where, on the other hand, the conclusion describes a condition or status not represented or designated by some definite legal term or rule, it will ordinarily be a conclusion of fact. Conclusions of fact are said to be inferences from subordinate evidentiary facts."

The county treasurer is required, when warrants are presented for payment and the same are not paid for want of funds, to register the same. (Sec. 4753, Rev. Codes.) Warrants drawn on a treasurer are entitled to preference as to payment out of the moneys in the treasury properly applicable to such warrants according to the priority of time in which they were presented (sec. 4756), that is, priority of registration controls. Funds, after the registered warrants are called, are set aside for a period of 60 days thereafter, when, if not presented for payment, the funds may be applied in payment of warrants next in order of priority. (Sec. 4758.)

It is argued that the application does not allege whether the warrant here involved had ever been called for payment, and that therefore, if the warrant had been called and not presented within the 60-day period, the treasurer would be justified in calling other warrants; hence it is said that the pleading is insufficient. The rules of pleading in ordinary civil actions are applied to test the sufficiency of the first pleading in mandamus whether it is an affidavit, an alternative writ, or a combination of both. (*State ex rel. Stuewe* v. *Hindson,* 44 Mont. 429,

120 Pac. 485.) Likewise, the provisions of our Code relative to ordinary civil actions constitute the rules of practice in proceedings in mandamus. (Sec. 9866, Rev. Codes.)

If, in fact, this warrant had been called and not presented for ■ payment, then doubtless that is a complete defense. However, must relator anticipate such a defense? In ordinary civil actions a plaintiff is not required to anticipate a defense, as the defense of contributory negligence. (*Vasby* v. *United States Gypsum Co.*, 46 Mont. 411, 128 Pac. 606; *Hollenback* v. *Stone & Webster Engineering Corp.*, 46 Mont. 559, 129 Pac. 1058.) In fact, in pleading in criminal cases where an exception is found as a part of the statute defining a crime but not a part of the definition, the state is not required to negative the exception. (*State* v. *Wood*, 53 Mont. 566, 165 Pac. 592.) Since there is no suggestion on the face of the pleading that the warrant in question had ever been called, it was not incumbent upon the relator to negative or anticipate this possible defense.

The county treasurer is by law made the custodian of the funds of the irrigation district. (Sec. 7239, Rev. Codes.) Irrigation districts are public corporations (sec. 7169) with such powers and authority as may be found in the law. The office ■ of the county treasurer, like the office of city treasurer, is a continuing one regardless of the person who may occupy it at any particular time. (*State ex rel. Clark* v. *Bailey*, 99 Mont. 484, 44 Pac. (2d) 740; *Blackford* v. *City of Libby*, 103 Mont. 272, 62 Pac. (2d) 216.) A school district is likewise a public corporation with definite and limited powers. (*State ex rel. School District* v. *McGraw*, 74 Mont. 152, 240 Pac. 812, 817.)

■■ The county treasurer is likewise made the custodian of the funds of a school district. In the *McGraw Case*, just cited, this court in an elaborate opinion considered the relation between a county and a school district relative to funds of the school district deposited with the county treasurer. The statutes there under consideration were not unlike those before us here. It was there held: "Thus the funds of the school district, on deposit by the treasurer, lose their identity as school district funds,

and all that the school district thereafter has is a credit on the books of the county treasurer for the amount or amounts paid into the county treasury to the credit of the district; the money itself becomes the property of the county, or 'county funds.' " This language is controlling in this case. When the irrigation district had money on deposit with the county treasurer as the result of the payment of taxes, the funds upon their reception by the county treasurer became county funds for which the district had a credit on the books of the county treasurer; in other words, the relation of debtor and creditor was created between the irrigation district and the county.

Without question, when the county treasurer wrongfully accepted warrants subsequently registered and delivered to the holders of these warrants any sum of money, he delivered to the holders of the warrants, not money of the irrigation district, but money belonging to the county, but on his records he charged these sums against the funds of the district. In contemplation of law, the money belonging to the irrigation district is still in the county treasury. (*State ex rel. City of Cut Bank* v. *McNamer,* 62 Mont. 490, 205 Pac. 951.)

It is argued that an injustice will result from this conclusion, as the other taxpayers of the county will be compelled to make good the wrongful abstractions of money from the county treasury. Such, however, is not the result as we shall presently demonstrate. Furthermore, it is said that the commissioners of the irrigation district are necessary parties because they have the power to levy the taxes to make good any claim the county may have against the irrigation district. This, too, however, is likewise an erroneous assertion.

When the county treasurer delivered these various sums of money to holders of warrants subsequently registered, the county became subrogated to the rights of the holders of these warrants. (*Lyman County* v. *State,* 9 S. D. 413, 69 N. W. 601.) The application of the doctrine of subrogation depends upon the circumstances of each particular case. It is adopted by the courts in order that justice may be done as nearly as possible.

(*American Bonding Co.* v. *State Sav. Bank,* 47 Mont. 332, 133 Pac. 367, 46 L. R. A. (n. s.) 557.) We think this is a proper case for the application of that doctrine.

If the commissioners of the irrigation district fail to levy taxes or assessments within the time provided by law, the board of county commissioners, the defendants now before this court, have the power and authority to levy such assessments. (Sec. 7240.1, Rev. Codes.)

On the authority of *Blackford* v. *City of Libby,* supra, the claim of laches cannot be sustained.

The judgment is reversed and the cause remanded to the district court of Stillwater county with directions to overrule the motion to quash and permit the defendants to answer.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.

Rehearing denied April 20, 1937.