## Lena Viehweg et al., Appellees, v. The City of Mount Olive, Appellant.

### Gen. No. 9,133.

Opinion filed January 24, 1939.

L. M. HARLAN, of Mt. Olive, and JESSE PEEBLES, of Carlinville, for appellant.

JAMES H. MURPHY, of Carlinville, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

Lena Viehweg and twenty-two other persons, holders and owners of certain bonds the plaintiffs appellees, filed this complaint against the city of Mount Olive, defendant appellant, to recover their proportionate share of monies collected in by said city which were due and payable upon said bonds. After answer filed, the cause was referred to a special master who took the

proofs and filed his report finding the issues to be with the appellees. Objections were filed to the report and made exceptions in the circuit court of Macoupin county. The trial court overruled the exceptions and sustained the findings of the special master and entered a decree in favor of the plaintiffs appellees against the appellant, the city of Mount Olive.

The facts are not seriously in dispute. It appears that on May 4, 1928, the board of local improvements of the city of Mount Olive, Illinois, recommended an ordinance to the city council of said city, providing for the installation of a sewer system in a portion of the said city which afterwards became known as District No. 2. Following the recommendation, the city council of Mount Olive on the 17th day of May, 1928, passed an ordinance creating the proposed district and provided for the installation of the improvements. In due course of time the sewer system covered by the ordinance was installed and completed. The ordinance provided that no part of the costs of the improvement should be paid by the city of Mount Olive, and that the entire cost of the improvement should be paid by special taxation upon abutting property. On or about October 1, 1928, the city of Mount Olive issued bonds aggregating the sum of $61,200, issuing them in series from 1 to 9, both inclusive, each series being in the sum of $6,800. These bonds were payable solely from the special taxes when collected.

The main controversy in the case arises over the appointment of a collector for said special taxes. It appears that one Collie Clavin, cashier of the First National Bank of the city of Mount Olive, performed all the duties as a collector of said taxes from the year 1928 until his death sometime 2 years later. The evidence shows that the matter of the collection of the taxes and the retiring of the bonds was left entirely in the hands of Mr. Clavin. He received the payments,

paid interest on the bonds and handled the matter for the city of Mount Olive without any apparent supervision or interference whatever. He was not required to give bond and did not furnish any so far as the record discloses. Upon the death of Mr. Clavin in 1930, it was found that he had collected in a large amount of money in each of the instalments securing the said bonds but that he had diverted large sums of money to his own use and to other purposes rather than the payment of bonds. The amount of the judgment is not in question if it be determined that the city of Mount Olive is liable for the moneys handled by the said Collie Clavin.

It is the contention of the appellant that Mr. Clavin was never regularly appointed as city collector and that the city of Mount Olive at no time had any possession of the monies collected in by Clavin, that it never reached the city treasury, that the city had no part in its collection or distribution at any time, and that therefore the municipality was not liable to the bondholders in this case. It asserts that the principle of law applying to the facts in this case is correctly set forth in the case of *Conway v. City of Chicago,* 237 Ill. 128, 139, as follows: "We are not inclined to extend the general liability of a municipality for special assessments beyond that which results from a failure to pay over money actually collected by it." It insists that Collie Clavin never was either a *de facto* or *de jure* city collector of special taxes in the city of Mount Olive for Sewer District No. 2. In support of their contention, they state that there is no record of the city council or the board of local improvements showing the appointment of Collie Clavin, and that he was therefore not the collector, and even if he did collect the special taxes, the city would not be liable because the money never reached the treasury of the city.

The law is well settled in Illinois that so far as the

bondholders are concerned, whatever the city collects by way of special taxes or special assessments is to be held by the city as a trust fund to be paid pro rata to the bondholders of each series as set forth in the statute. *Rothschild v. Village of Calumet Park,* 350 Ill. 330; *People ex rel. Anderson v. Village of Bradley,* 367 Ill. 301. We believe it is conceded by the appellant that if the city of Mount Olive had collected this money it would be required to account to each of the bondholders for his respective portion of the same. At the time of the death of Clavin there were some deposits of money on hand belonging to the appellant here and these monies were turned over to the city by the administrator of the Clavin estate.

Testimony was introduced on behalf of the appellees to show that Clavin was at least a *de facto* officer and that the city had recognized and ratified him as the proper officer of the city to collect the special tax for said improvement. Briefly, it showed that Clavin had been the collector of the only other sewer district in the city, Sewer District No. 1, and had been from the time it was built. The only person that ever collected any money for either sewer district up until the time of his death was Collie Clavin. The city attorney dealt with Clavin as the collector of special assessments. The tax rolls and the books in which the records of the collections were kept at Clavin's office in the First National Bank of Mount Olive. He paid out the money as collector for various purposes and many checks were offered in evidence to show such disbursements. Many witnesses testified that Collie Clavin was the only person recognized by the city as the collector of special taxes. It is not denied that he not only collected in the money due the district but paid it out as well. The young lady who was his private secretary testified that he was performing all the duties of the office of collector from the very beginning until the time of his

death and that he purchased books and records, when needed, paid the vouchers presented and certain bonds and coupons, kept all of the records of the district in his bank and every one recognized him as the collector. Employees of the bank testified to substantially the same facts. A former mayor of the city of Mount Olive, John Danklef, who was in office at the time the improvement was installed, testified that he appointed Collie Clavin collector and that he did it at a meeting of the board of local improvements of the city of Mount Olive over which he presided. The clerk of said board, Elmer W. Weidler, testified to substantially the same fact. L. M. Harlan also testified that Collie Clavin was appointed collector for Sewer District No. 2, and that his appointment would be effective the 1st day of January, 1929. He testified further that he continued to act as such collector up until the time of his death. The record of the board of local improvements was also introduced in evidence but it contained no records of any meeting from April 18, 1928 until September 14, 1929. It was testified that there were many meetings during that period of time and that the local improvement known as Sewer District No. 2, was constructed between the said dates. Because of the records of meetings during such period of time being lost and missing it was competent to prove the fact by parol and therefore the testimony above outlined was admissible. *Maxcy v. Williamson County,* 72 Ill. 207.

Without discussion of the details of the testimony we believe it shows conclusively that Collie Clavin was the collector for Sewer District No. 2; that he was properly appointed and recognized to be such by the city of Mount Olive. It was the duty of the city of Mount Olive to collect the special taxes with interest thereon after they became due. The money when collected has been defined by our courts to be a trust fund to pay the bondholders their interest and principal

and we believe the court properly held in this case that the appellees should each receive his or her pro rata share of whatever collections had been made.

The judgment of the circuit court of Macoupin county is therefore affirmed.

*Affirmed.*