JACOBY, RESPONDENT, *v.* CHOUTEAU COUNTY, APPELLANT.

(No. 8,153.)

(Submitted March 21, 1941.   Decided April 30, 1941.)

[112 Pac. (2d) 1068.]

*Mr. J. W. Lynch,* County Attorney, *Messrs. Towner & Lewis, Mr. Harrison J. Freebourn,* Attorney General, and *Carl N. Thompson,* Assistant Attorney General, for Appellant, submitted an original and a supplemental brief; *Messrs. Lynch, W. G. Towner* and *Vernon E. Lewis* argued the cause orally.

*Messrs. Miller & Wiley* and *Messrs. Cooper, Stephenson & Glover,* for Respondent, submitted a brief; *Mr. H. F. Miller* and *Mr. R. H. Glover* argued the cause orally

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action is one for damages for personal injuries alleged to have been caused by defendant's negligence. The complaint alleges that defendant constructed and maintained a ferry for the use of the general public crossing the Missouri river near the town of Carter, consisting of a boat operated in conjunction with a cable; that in the winter season when the boat could not be used, defendant provided a basket or aerial carrier operated upon and along the cable for the use of the traveling public; that defendant constructed and maintained on the south side of the river a tower near the embankment of the river to sustain the cable and an elevated platform to provide means of getting into or on the basket. That after dark on January 20, 1938, plaintiff desired to cross from the south to the north bank of the river and went onto the tower on the south side of the river to the platform provided for accommodation of prospective passengers and awaited the approach of the basket coming from the opposite side of the river; that while he was on the platform the tower collapsed and fell, causing plaintiff to fall a distance of approximately fifty feet, resulting in injuries specifically described in the complaint.

The complaint charged negligence on the part of the defendant in constructing and maintaining the tower in several particulars, and in failure to warn plaintiff and the public of its unsafe condition, and in permitting its use by the public in its dangerous condition. Defendant's answer was a general denial, together with an affirmative defense to the effect that plaintiff was a trespasser on defendant's property at the time he was injured, and an affirmative defense of contributory negligence. The reply put in issue the allegations of new matter in the answer. The

jury returned a verdict for plaintiff in the sum of $2,500. Defendant appealed from the judgment entered on the verdict.

The principal question relied upon by defendant is that the ██ complaint does not state facts sufficient to constitute a cause of action. It takes the position that a county can never be liable for the negligence of its officers. It subdivides its argument on this point into three parts, all of which center around the case of *Johnson* v. *City of Billings*, 101 Mont. 462, 54 Pac. (2d) 579, which held the county liable for negligence in the performance of proprietary functions. It contends that the *Johnson Case* should be overruled in its entirety, or modified so as to be applicable only to cases involving active negligence, or that this case should be held to be distinguishable from the *Johnson Case*.

The general rule is that counties, which are organized for public purposes and charged with the performance of duties as arms or branches of the state government, are not liable for negligent acts or omissions unless liability is fixed by statute. (7 R. C. L. 954.) We recognized an exception to this general rule in *Witter* v. *Phillips County*, 111 Mont. 352, 109 Pac. (2d) 56. The *Johnson Case* held there was liability on the part of the county when it voluntarily assumed duties and obligations in its proprietary, as distinguished from its governmental, capacity. This conclusion finds support in other jurisdictions. Thus in *Calkins* v. *Newton*, 36 Cal. App. (2d) 262, 97 Pac. (2d) 523, 526, the court said: "Recent decisions hold that the rule of sovereign nonliability, as such, should be abandoned and that a county should be held to the same degree of liability for tort as a municipality in the exercise of a function that is not governmental, but proprietary. * * * In view of these decisions we are not inclined to hold that liability for negligence might not exist as against a county if the legislature empowered it to engage in the hospital business, or in any other business of a proprietary nature."

The exception to the well-recognized rule of nonliability is stated in 20 C. J. S., Counties, section 215, as follows: "On the other hand, a county, if amenable to suit, is liable for its torts when it is acting, not as a governmental agent, but as a

private corporation, or in a proprietary capacity, or is performing special duties imposed on it with its consent, or voluntarily assumed by it, or when the tort amounts to an appropriation of property.''

Some courts do not recognize that a county ever performs proprietary functions, but the weight of authority is otherwise. Cases on both sides of the question are listed in the note in 101 A. L. R. page 1167. In 14 American Jurisprudence, Counties, section 51, it is said: ''The possibility of the exercise by a county of private or proprietary functions with a consequent loss of immunity from liability is recognized in many cases.''

We adhere to the rule announced in the *Johnson Case* to the general effect that a county in the performance of proprietary, as distinguished from governmental, functions is liable for damages due to its negligence. In the operation of the ferry the defendant acted in its proprietary and not in its governmental capacity. In 22 American Jurisprudence, Ferries, section 40, page 580, it is said: ''If a public corporation, such as a city or county, attempts to operate a ferry, the question of its liability for negligence depends on the provisions of its charter. If it has no authority to engage in such business, so that its acts are wholly *ultra vires,* it cannot be held liable for injuries which result from its acts which do not amount to direct torts; but if it has authority to transact the business, its liability is the same as that of any other ferryman, since it acts in its private, and not in its public, capacity.''

The basket arrangement for transporting people from the south side of the river to the north side was a part and parcel of the ferry. It constituted the ferry in the wintertime. If the operation of the ferry was a private rather than a public function, so was the operation of the basket which constituted a part thereof. That the legislature regarded the operation of a ferry as constituting a proprietary, rather than a governmental, function is apparent from the fact that under our statute, section 4480, Revised Codes, the operation of ferries may be leased to individuals or corporations. Governmental powers may not be thus delegated. (16 C. J. S., Constitutional Law,

sec. 137; 43 C. J. 240; *Nord* v. *Butte Water Co.*, 96 Mont. 311, 30 Pac. (2d) 809.)

As to the contention that the *Johnson Case* should be limited to cases of active negligence, it is sufficient to say that that question does not arise in this case for the reason that there is evidence from which the jury was warranted in finding active negligence on the part of the officers of defendant county. Whether we would limit the county's liability to cases of active negligence only, we need not now determine. Defendant's contention that this case should be distinguished from the *Johnson Case* is untenable. True, the *Johnson Case* arose out of an entirely different set of facts, but the principle of law announced in that case has application here.

Defendant further contends that its motion for nonsuit should have been sustained because plaintiff's own evidence showed that he was guilty of contributory negligence as a matter of law. The court was right in denying the motion. The question of contributory negligence was one for the jury. There is nothing in plaintiff's evidence that should, as a matter of law, be held to constitute contributory negligence.

The only other point relied upon by defendant is that the basket was not intended for the use of the general public. Defendant offered proof that it was constructed merely for the use of employees in oiling the ferry cable. Plaintiff introduced evidence that it was constructed by the county on his solicitation for use of people residing on the south side of the river to enable them to cross when the ferry boat was not running, and when there was lack of safety in crossing on the ice, and that defendant and its officers knew that the general public used it for that purpose.

The issue on this point was settled in plaintiff's favor by the verdict of the jury. There was evidence warranting a finding that the basket arrangement was constructed by the county for the use of the general public and known by defendant to be so used.

The verdict of the jury disposes of the contention that plaintiff was a trespasser, in favor of plaintiff's contention that he

was not. All other fact questions have been settled in favor of plaintiff by the verdict in his favor. True, the evidence on many points was conflicting, but there is substantial evidence supporting the allegations of the complaint, and this being so, we will not disturb the verdict of the jury.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.