[No. 28475. Department One. December 30, 1941.]

BERNICE A. B. KEYES, *Respondent,* v. THE CITY OF TACOMA *et al., Appellant.*[1]

*Howard Carothers, Clarence M. Boyle, George F. Abel,* and *Horace G. Geer,* for appellant.

*Wayne W. Keyes,* for respondent.

[1]Reported in 120 P. (2d) 533.

Main, J.—This action was brought to recover upon certain local improvement district bonds. To the complaint the defendant interposed a demurrer, which was overruled. Thereupon, it elected to stand upon its demurrer and refused to plead further. Judgment was entered in favor of the plaintiff in the sum of $1,605. From this judgment, the defendant, the city of Tacoma, appealed.

The facts, as stated in the complaint, may be summarized as follows: November 23, 1907, the city of Tacoma, which will be referred to as the city, issued certain local improvement district bonds which were payable solely from the proceeds of special assessments levied against the property in the local improvement district. The bonds were payable on or before November 23, 1917, subject to call, as provided by law, at any time prior thereto. November 23, 1909, there being sufficient moneys in the fund, the bonds in question here were called for payment. The call was made by a published notice, which stated that the interest would cease on and after the date of the publication. The particular bonds involved in this case were not presented for payment, for the reason that they had been lost or mislaid.

September 30, 1929, about twenty years after the call and over ten years after the last installment for the special assessments in the district had become payable, the city transferred to its general fund the moneys then remaining in the special local improvement district fund. In April, 1941, the bonds in question, having been found, were, for the first time, presented to the city for payment by the holder thereof, the respondent herein. Payment was refused by the city, upon the ground that the right to collect had been barred by the statute of limitations. It was at that time that the respondent obtained her first information

that the fund had been transferred. The amount transferred was sufficient to meet the principal and interest on the bonds held by her. At the time of the transfer, all other bonds issued by the district had been paid.

The charter of the city provided that:

"All moneys received or collected by the Treasurer upon assessments for improvement of streets, highways, or alleys, shall be kept as a separate fund, and in nowise used for any other purpose whatever except for the redemption of warrants drawn against such fund."

The present action was commenced to enforce the payment of the bonds, with the result above indicated.

The general question is whether the complaint stated a cause of action. In support of its contention that no cause of action was stated, the city invokes the statute of limitations, and also the doctrine of laches. We will first take up the matter of the statute of limitations.

The local improvement fund was a trust fund, the city being trustee and the respondent the *cestui que trust*. *Potter v. New Whatcom*, 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135; *New York Security & Trust Co. v. Tacoma*, 30 Wash. 661, 71 Pac. 194.

Inquiry will now be directed as to whether the statute of limitations runs against a trust fund. The general rule is that, when a trustee repudiates the trust and claims to hold the estate as his own, and such repudiation and claim are brought to the knowledge of the *cestui que trust* in such manner that he is called upon to assert his rights, the statute of limitations shall begin to run against him from the time such knowledge is brought home to him, and not before. In *United States v. Taylor*, 104 U. S. 216, 26 L. Ed. 721, the rule is so stated, as follows:

"The general rule is that when a trustee unequivocally repudiates the trust, and claims to hold the estate as his own, and such repudiation and claim are brought

to the knowledge of the *cestui que trust* in such manner that he is called upon to assert his rights, the Statute of Limitations will begin to run against him from the time such knowledge is brought home to him, and not before."

The cases of *Bidwell v. Tacoma,* 26 Wash. 518, 67 Pac. 259, *Northwestern Lumber Co. v. Aberdeen,* 44 Wash. 261, 87 Pac. 260, and *Bale v. Floyd,* 199 Wash. 503, 91 P. (2d) 1025, are to the same effect.

It is true that all the cases cited above were based upon warrants, with the exception of *United States v. Taylor.* So far as local improvement district funds are concerned, as stated in *Zinser v. Vancouver,* 192 Wash. 622, 74 P. (2d) 486, "The bond, to all intents and purposes, is a warrant on the treasurer to make payment."

The law applicable to warrants is, therefore, applicable to bonds.

While a local improvement district fund may not be an express trust, in the strict sense of the word, it partakes of the nature of such a trust. *State ex rel. Clark v. Bailey,* 99 Mont. 484, 44 P. (2d) 740; *Blackford v. Libby,* 103 Mont. 272, 62 P. (2d) 216, 107 A. L. R. 1348.

The respondent in this case having had no knowledge or notice that called upon her to assert her rights until shortly before the action was begun when the city repudiated the trust, the statute of limitations did not run as against her.

We will now take up the city's contention with reference to laches. In order to bar a recovery because of laches, there must appear, in addition to the lapse of time, some circumstances from which the defendant, or some other person, may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if recovery is allowed. 34 Am. Jur. 15, § 5; *Philippi v. Philippe,* 115 U. S. 151, 29 L. Ed. 336, 5 S. Ct. 1181.

58

In the present case, there are no facts or circumstances from which it could be inferred that the city had been in any manner prejudiced by reason of the lapse of time. It transferred the ˙trust fund to its general fund, notwithstanding the charter provided that the local improvement district fund should be kept in a·separate fund and could not be used for any other purpose except ·the redemption of warrants against the fund. There are no facts or circumstances upon which to base a presumption that the city would be prejudiced.

The judgment will be affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and DRIVER, JJ., concur.