RHOADES, Appellant, *v.* SCHOOL DISTRICT No. 9, ROOSEVELT COUNTY et al., Respondents.

(No. 8385.)

(Submitted October 6, 1943. Decided November 3, 1943.)

[142 Pac. (2d) 890.]

*Messrs. Lester H. Loble, Hugh R. Adair* and *Henry Loble,* for Appellant, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Mr. Lester H. Loble* and *Mr. Albert H. Angstman,* of counsel, argued the cause orally.

354

357

Mr. *Erick Moum* and Mr. *S. G. Skulason,* for Respondents School District and *Howard Helmar,* School Trustee, submitted a brief.

Mr. *Frank M. Catlin,* for School Trustees C. A. Swanson, Fred Fear, C. L. Smith and Varner Nelson, submitted a brief and argued the cause orally.

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE ADAIR, disqualified, delivered the opinion of the court.

Plaintiff seeks damages for injuries alleged to have been suffered by her as a result of an accident which occurred in the school gymnasium at Poplar, Montana. The defendants appeared by general demurrers which were sustained. Plaintiff was granted time in which to file an amended complaint. Having failed to plead further, plaintiff's default was entered and judgment of dismissal followed. This appeal is from that judgment.

The sole question presented is—Does the complaint state facts sufficient to constitute a cause of action against the school district or against the other defendants as trustees or against them as individuals or against any of them? All of the allegations of the complaint , which are well pleaded, stand admitted. We therefore have these admitted facts:

That the defendant district is one of the duly constituted school districts of Roosevelt county, Montana. The other defendants are the duly elected, qualified, and acting trustees of that district.

The building in which the accident occurred is a school gymnasium. It was constructed and is maintained by this school district and is upon school grounds.

At the time alleged in the complaint there was a basket ball game or contest between the neighboring school teams of Brockton and Poplar. The general public in that vicinity were advised

of the time and place of this game through advertisements. Plaintiff attended that contest. She paid admission.

Within the gymnasium is a floor space suitable for playing the game of basket ball and other games. Within the gymnasium and above the space provided for playing basket ball is a gallery for the accommodation of spectators. Leading to that gallery is a stairway. As the plaintiff approached the gallery by way of this stairway one of the stairs collapsed or gave way and she received the injuries complained of. She alleges the construction was faulty and that the stairway was not properly maintained.

So far as material, these are the essential admitted facts.

It must be conceded that the allegations of negligence contained in the complaint are sufficient to constitute a cause of action if the school district or its board of trustees, either as such or individually, are liable in damages for negligence.

This court has heretofore passed upon this precise question in the case of *Perkins* v. *Trask*, 95 Mont. 1, 23 Pac. (2d) 982, 983, and there used the following language:

"The general rule, sustained by the overwhelming weight of authority, is that school districts are not liable in damages for injuries caused by the negligence of their officers, agents, or employees unless the liability is imposed by statute. The courts are not generally in accord as to the reason for such non-liability. Some base it upon one reason, and some upon another. The general rule is stated in 24 R. C. L., p. 604, as follows: 'The courts very generally hold that school districts are not liable in damages for injuries caused by the negligence of their officers, agents or employees, nor for any torts whatsoever, unless such liability is imposed by statute, either in express terms, as is the case in some jurisdictions, or by implication, as where the district is given authority to levy taxes to meet such claims. But of course this general rule of law is limited to the district itself, and does not extend to independent agencies doing work for the district on school property. Even the school board itself cannot render the district liable in tort, for when it commits a wrong or tort, it does not in that respect represent the district. Various reasons are

assigned why a school district should not be liable in tort. Some authorities place it on the ground that the relation of master and servant does not exist; others take the ground that the law provides no funds to meet such claims. Still other authorities hold that school districts in performing the duties required of them, exercise merely a public function and agency for the public good, for which they receive no private or corporate benefit. Many authorities do not base their holding on any single ground, but rely on two or more of them at the same time.' "

A great number of citations are given in support of that pronouncement. These citations will be found in 95 Mont. at page 6, 23 Pac. (2d) at page 983. We find no reason for encumbering this record by a reiteration of them.

Counsel for plaintiff concede that the foregoing is the general rule but contend that this court, as well as other courts, have modified the rule in that a distinction has been drawn between a governmental instrumentality such as a county, city or school district when acting in a governmental capacity as distinguished from a proprietary capacity; and that, in the instant case, the school district and its officers were acting in the latter capacity; that is, in a proprietary as distinguished from a governmental capacity. In support of that contention counsel cite a number of adjudicated cases, among which are *Johnson* v. *City of Billings,* 101 Mont. 462, 54 Pac. (2d) 579; *Witter* v. *Phillips County,* 111 Mont. 352, 109 Pac. (2d) 56; and *Jacoby* v. *Chouteau County,* 112 Mont. 70, 112 Pac. (2d) 1068.

In none of these cases, or in any of the others to which the court's attention has been called, is there any modification of the rule that no liability attaches where the instrumentality such as a county, city, or a school district is acting solely in a governmental capacity. A careful analysis of the allegations of the complaint here compels the conclusion that the defendants were acting in this instance in that capacity—that is, in a governmental capacity.

A public school system is provided for in our Constitution (section 1, Article XI). The trustees of a school district may

issue bonds for the purpose of constructing a gymnasium (Chapter 147, Laws of 1927, sec. 1224.1, Rev. Codes of 1935).

The evolution of our common school system is most interesting and that system has contributed no little to the development and stability of this nation. We have come to regard education—not as a development of a part of the faculties, but of all of them— the intellectual, the moral, as well as the physical. (*Mt. Herman Boys' School* v. *Gill,* 145 Mass. 139, 146, 13 N. E. 354, 357.) In order to make effective our conclusions in that respect we have authorized the proper officers of a school district to expend our money in the construction of a gymnasium. A part of that physical training consists in the playing of games—basket ball among others. Because some are better able to coordinate the action of the different members of the body, they are more adept at playing games than are others; but with basket ball, as in all other games, practice makes perfect.

It is a matter of common knowledge that, in these schools, teams are selected to play against another team or teams of the same school; and that out of all of these are selected those who have acquired the greatest proficiency, and these compose the team which represents the school in contests with teams from other schools in the same general vicinity. In striving to make the first team there is great rivalry. A spirit of emulation is developed—all of which results in a more complete development of the physical powers. Undoubtedly, one of the elements which stimulate the contestants is that they will be afforded an opportunity of exhibiting their skill in games against their fellows of the same school or against teams of a different school. This, we think, is true, not alone as it pertains to physical sports, but the same may be said of debating teams, or of band concerts, or of exhibitions of the art department of a school. The fact that a band concert is held, or an exhibition of the work of those in the art department of the school had, brings better results in each of these departments. Therefore, we conclude that the basket ball game in question was merely a part of the program of physical

education of the school; and, consequently, the defendants were exercising governmental functions in connection therewith.

Counsel for plaintiff emphasize the fact that an admission fee ■ was charged and assert that because such charge was made, the activity is removed from the field of governmental functions. With that we cannot agree. Little if any difference does it make whether the admission fee thus collected went into the school fund, or whether the expense of conducting this game of basket ball was paid from general taxation. The result is the same. It advances the purpose of physical education. That is a part of the governmental functions of the school district and of its trustees. (See *Hughes* v. *Monroe County*, 147 N. Y. 49, 41 N. E. 407, 39 L. R. A. 33.)

We reaffirm the rule announced in the case of *Perkins* v. *Trask*, supra.

Neither are the members of the board individually liable; this for the reasons set forth in the *Perkins case.*

Therefore, the trial court was right in sustaining the demurrers and in rendering judgment for the defendants. That judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and MORRIS concur.

MR. JUSTICE ERICKSON:

I dissent. As is indicated in the quotation from *Perkins* v. *Trask*, 95 Mont. 1, 23 Pac. (2d) 982, found in the majority opinion, the reason for the rule exempting school districts from tort liability is not generally agreed upon by the authorities. The rule arose, of course, from the old idea that the king could do no wrong, and suit would not lie against the sovereign. The courts of this land have never agreed on any single basis why, in the absence of statute, recovery against the school district cannot be had by reason of its tort. One state (California) has entirely discarded the old rule. (See, also, *Kelly* v. *Board of Education*, 191 App. Div. 251, 180 N. Y. Supp. 796.) Most of the states, in attempting to decrease the severity of the rule, have adopted the

governmental-proprietary test. This test is an arbitrary one, but the general trend of the decisions is to declare more and more functions proprietary rather than governmental so as to allow recovery. It is now generally agreed that neither logic nor justice supports the general rule which in this case denies recovery to the person injured where she goes for entertainment to a basket ball game sponsored by a school district, while on the other hand for exactly the same injury under the same conditions she could recover if she had gone to a theatre and had been there injured. For a general discussion of the governmental-proprietary test as applied to municipal corporations in the light of recent decisions, see the article in 22 Virginia Law Review, 910, and also the article in 54 Harvard Law Review, 437.

This court has in its recent decisions followed the trend of the majority of the courts of this country by applying the governmental-proprietary test liberally so as to permit recovery. The gist of the majority's opinion in this case is that the activity here in question was so closely connected with the historically recognized governmental function of the school district that it partook of the same nature. It seems to me that in the *Jacoby case* cited in the majority opinion, (*Jacoby* v. *Chouteau County,* 112 Mont. 70, 112 Pac. (2d) 1068), and certainly in the *Johnson* v. *City of Billings case,* 101 Mont. 462, 54 Pac. (2d) 579, the activity out of which the tort arose was as closely identified with the governmental function, if not more so, than the holding of the public contest which we have in this case. I cannot reconcile the decision in this case with the decisions of those two cases, particularly the more recent one of *Jacoby* v. *Chouteau County,* supra.

Rehearing denied November 26, 1943.